CHITTENDEN COUNTY, DECEMBER TERM, 1826..

### Thomas Herring vs. David Selden.

THE death of one of several plaintiffs or defendants pending the suit and not suggested on the record, in a case where the cause of action survives, is not an error in fact for which the judgment will be reversed; And upon error brought for this cause, judgment will be affirmed in the name of the survivor.

THIS was a writ of error to reverse a judgment of the County Court. *Silas Richards* and *David Selden*, the present defendant, as surviving partners of the late firm of *Andrew Ogden & Co.* of New York, commenced their action in Chittenden County Court, against *Thomas Herring*, the plaintiff in error, upon several promisory notes executed by him to the firm aforesaid. After several continuances, a final judgment for a large amount, was rendered in favor of *Richards & Selden*, against *Herring*, at the February term of said Court, 1823. This writ of error was thereupon brought alleging as error in fact, that during the pendency of the action, and previous to the term at which judgment was rendered, to wit, on the 13th day of September, 1822, at Liverpool, in England, to wit, at New York aforesaid, the said *Richards* died. Plea, that there is no error, accompanied by a motion for liberty to amend the record, by suggesting the death of *Richards* previous to the judgment below.

*A. Foote* and *Adams*, for the plaintiff in error, argued, That by the plea, the death of *Silas Richards* is admitted—1 *Bur.* 410, 413. *Sheepshanks et uxor* vs. *Lucas*.

Though by the statute, the death of one of the plaintiffs being suggested on the record, would have enabled the survivors to proceed with the suit, yet if this suggestion be not made, the judgment is erroneous.—3 *Mod.* 249. *Capel* vs. *Salstonstal.*—2 *Bac. Abr.* 493, 580, 500.—*Cro. Eliz.* 731. *Price's case.*— 1 *Salk.* 8 *and note.*—1 *Bur*, 410, *Sheepshanks et uxor* vs. *Lucas.*—1 *Will.* 30, *Wyn* vs. *Wyn.*

This error is matter of substance and cannot be amended.

By the pleadings, *Herring* is not estopped from alleging the death of *Richards* as error.—*Cro. Eliz.* 425, *Germyn* vs. *Rolls*, 121, *Hughson* vs. *Webb.*—1 *Bac. Abr.* 18, 20.—2 *Bac. Abr.* 193.—1 *Will.* 30, 42, *Wyn* vs. *Wyn.*

This Court has not the power to amend the record of the Court below.—10 *Mass. Rep.* 251, *Hutchinson* vs. *Crossen.*—3 *Salk.* 31 *and note.*— If the record can be amended, it must be done by the County Court.—1 *Doug.* 114. *Richards* vs. *Brown.* But the record cannot be amended.—2 *Blac. Rep.* 1300, *Cheverly* vs. *Morris.* 1 *Will.* 30, *Sabin* vs. *Long.*—2 *Will.* 147, *Mariot* vs. *Lister.* Amendments have been permitted only in cases of mistakes of the Clerk, and not when the mistake is the fault of the party.— 5 *Bur.* 2730, *Short* vs. *Coffin, Exr. of B. Coffin.*

> Chittendon, Dec. 1826.
> ———
> *Herring* vs. *Selden.*

*Van Ness* and *Thompson* for the defendant in error. It is admitted that where a sole plaintiff or defendant dies before verdict or interlocatory judgment, it may be assigned as an error in fact, to reverse the judgment. But it is not so where one of several plaintiffs dies.—2 *Tidd's Pr.* 1107.

Where there are two or more plaintiffs or defendants in a personal action, and one or more of them die *after* judgment, execution may be had for or against the survivors, without a *scire facias.* But the execution in such case should be taken out in the joint names of all the plaintiffs or defendants otherwise it will not be warranted by the judgment.—2 *Tidd's Pr.* 1028, 1029.—1 *Salk.* 319—1 *Ld. Raym.* 244—9 *Mass* 14, 160.

But on a suggestion of such death made to the court, an execution may issue in the name of the survivor alone. As no new person is introduced, there is no occasion for a *scire facias* in such case, to revive the judgment.—9 *Mass.* 14, *Hamilton* vs. *Lyman.*—9 *Mass.* 160, *Bowdoin* vs. *Jordin.*—2 *Tidd's Pr.* 1028.—9 *Mass.* 14,160.

Where there are two or more plaintiffs or defendants, and one or more of them die pending the suit, if the cause of action survive to the surviving plaintiff or plaintiffs, or against the surviving defendant or defendants, the writ shall not abate; but such death being suggested on the record, the action shall proceed.—*Stat.* 1 *Vol. p.* 82, *s.* 73.—*Stat.* 8 & 9 *W. III. s.* 7.—2 *Tidd's Pr.* 1027.—1 *Swift's Dig.* 609.

Where there are several parties, and one of them dies *before* judgment, it may be entered by or against the survivors.—1 *Tidd's Pr.* 496.—1 *Will.* 312.—*Barnes,* 40, 53.

The death of one of the plaintiffs, will not even abate the suit;

and *a fortiori*, the judgment will not, for that cause, be reversed on error.   The judgment will be a bar to another action for the same cause ; and as the interest survives, the surviving plaintiff may receive payment and discharge the judgment, and no injury is done to the defendant.

Where one of two plaintiffs died before interlocatory judgment, and the suit nothwithstanding went on to execution in the name of both ; on a motion to set aside the proceedings for this irregularity, the court permitted the surviving plaintiff to suggest the death of the other on the roll, and to amend the *capias ad satisfaciendum*, without paying costs.—2 *Tidd's Pr.* 1028.—5 *T. Rep.* 577.

Nothing can be assigned for error, which is aided by appearance, or by not taking advantage of it in due time.   If a married woman brings an action in her own name, and the defendant pleads in bar to the action, he shall never afterwards assign the marriage for error ; for it shall be accounted his folly to neglect the proper time for taking the exception, by plea in abatement.— 2 *Saund.* 101. a.—1 *Swift's Dig.* 790, 791.

So a writ of error lies for some error or defect in substance only, that is not aided, amendable, or cured at common law, or by some of the statutes of amendments or jeofails.—2 *Tidd's Pr.* 1056.

Where the error or defect is amendable, an actual amendment is never made, but the benefit of it is attained by the court's overlooking the exception.—2 *Tidd's Pr.* 840.

Thus, if a judgment be substantially right, it will not be reversed for any informality ; or, if it should be reversed, the court would immediately enter a new judgment.—*Inhabitants of Buckfield* vs. *Inhabitants of Gorham*, 6 *Mass.* 445.

So, if a judgment be rendered upon a verdict, in an action where an issue has been tendered but not joined by the parties, the judgment cannot be reversed for that cause.—9 *Mass.* 532, *Whiting* vs. *Cochran.*

If judgment be rendered in any process at any term subsequent to its being entered, and there be no entry of its continuance, the judgment will not be erroneous.—11 *Mass.* 417.

As in this case, the error, if any, was amendable, the court will not reverse the judgment, but give the surviving plaintiff the bene-

fit of the amendment by overlooking the ex-
ception.—2 *Arch. Pr*.233.—*Coleman's cas-
es*, 61.—2 *Johns*. 184.

ROYCE, J. delivered the opinion of the Court.   By the record
complained of, it appears that the suit below was instituted in as-
sumpsit upon several promisory notes, and was prosecuted to fi-
nal judgment in favor of *Silas Richards* and *David Selden* a-
gainst the plaintiff in error,who now alleges, as matter of error in
fact, that between the commencement of that suit, and the rendi-
tion of judgment therein, *Silas Richards* died :—for which reason
he prays that the judgment may be reversed.   The defendant
has pleaded that there is no error in the record, which is admitted
to be in the nature of a demurrer, and to imply a confession of
the death of *Richards*, as alleged by the plaintiff in error.   The
joint cause of action in favor of *Richards & Selden*, was of a
character which, by law, would at all times, upon the death of
one of them, have survived to the other.   But without the aid of
statute, the death of one of the plaintiffs pending the suit, would
have *vitiated* the whole proceedings and judgment ; so that at
common law, this writ of error would lie.   Statutory provisions,
however, have long existed on this subject, the effect of
which is, that on the death of a sole plaintiff or defendant, in a
case where the cause of action survives, the suit may or may not
abate, as the legal representative shall or shall not become a party
to it ; and that when one or more of several joint plaintiffs or de-
fendants dies,the suit shall not abate,but proceed in favor of,or a-
gainst, the survivors.   It is true that the statute says, " such death
being suggested upon the record."   In this case, the death of
*Richards* was not suggested on the record, and the whole ques-
tion is, whether for that cause the judgment is erroneous, and
must be vacated or reversed.   A writ of error, like other process
of the law, is intended for the relief of some injury or grievance,
and supposes a defect or error in substance, in the commence-
ment, progress or termination of some judicial proceeding, in a
court of record.   Now it is difficult if not impossible to conceive
how the omission to suggest the death of *Richards*, could have
affected any right of the surviving parties.   And hence, as the
statute has declared that the death of a co-plaintiff in such a case,

C

shall not defeat the action, it would seem that the only effect of sustaining this writ would be, that judgment in the original suit should be immediately entered up in favor of *Seldon* alone. The name of *Richards* must be regarded as surplusage in all proceedings subsequent to his death, as in the case of an execution issued in the joint names of several, when some of them have died after judgment. It is proper that upon the suggestion of either party, this formal impropriety should be corrected, but the correction need not involve the overthrow of the first judgment. The judgment of the county court must therefore be affirmed in the name of *Selden*, and this supercedes the necessity of acting on the motion to amend.

PRENTISS J. being of counsel in the cause did not sit at the trial.

*A. Foote* and *Adams*, for the plaintiff in error.

*Van Ness* and *Thompson*, for defendant in error.