*Thompson,* for plaintiff,
    *Adams,* for defendant.

---

FRANKLIN,
*January,*
1829.

## Jabez Newton *vs.* Ira S. Higgins.

In an action of *book debt* against two defendants, and one of them dies after the accounts are submitted to an auditor, he may proceed to adjust the accounts notwithstanding such death ; and the death of the party being suggested on the record in the court where the action is pending, judgment may be rendered on the report.

Where a witness in a book action had become bail for one of the parties, it was held not to be a valid objection to the auditor's report, that the auditor refused to grant a continuance for the purpose of enabling the party to remove the interest of the witness, and restore his competency by release or otherwise.

When the services are such as are usually charged on book ; and when the articles are in themselves proper subjects of book charge, a special agreement as to the mode of payment will not preclude the plaintiff from the right to charge them on book, and sue for them in that form of action.

    This was an action of *book debt* originally brought against the defendant, *Higgins,* and one *Twitchell,* as partners. After judgmnnt to account in the county court, an auditor was appointed to adjust the accounts of the parties, and he afterwards made the following report :

    "The undersigned auditor reports, that he duly notified the parties to attend the auditing of their book accounts at *St. Albans,* on the 26th day of May, 1828, at which time and place they appeared, and, at the request of the defendants, the audit was adjourned to the third Monday of June, A. D. 1828 ; and again by order of the auditor to the 20th day of June, 1828 ; when the plaintiff and *Ira S. Higgins,* one of the defendants named in the rule, duly appeared, and it was suggested and proved to the auditor that since the last continuance of said audit, the other defendant named in said rule had deceased. Upon this the said *Higgins* insisted that the audit could not legally proceed between the plaintiff and himself only, and that all further proceedings under the rule should cease. But the auditor determined that he could lawfully proceed between the plaintiff and *Higgins* only ; whereupon they entered upon the examination and trial of their accounts. The plaintiff exhibited the account hereto annexed, and

FRANKLIN,
January,
1829.

Newton
vs.
Higgins.

proved the performance by himself of twenty three and one half days work, as a mill wright, at the price charged, upon the employment and request of *Higgins*, acting for himself and *Twitchel*, then in partnership. It was also proved, that during this time *George Newton*, a son of the plaintiff, and more than twenty-one years old, worked with the plaintiff eight and one half days, at one dollar and fifty cents per day ; which work constitutes the two last items of the account. These two items, amounting to twelve dollars and seventy-five cents, the auditor has disallowed in this action, because it appeared to him they constituted a demand in favour of the said *George Newton*, and not of the plaintiff.

The defence relied on was, that previous to the commencement of the plaintiff's work, it was agreed between him and *Higgins*, that payment should be made in neat cattle, on the first day of October, 1827, delivered at *Swanton Falls*, where *Twitchel* lived : whereas, the plaintiff contended, that though he was to receive cattle on the first day of October, they were to be delivered at *St. Albans village*, and not elsewhere. As a witness to prove this agreement, the defendant offered *Isaac Warner*, jr. who was objected to because he was bail for the appeal of this suit ; and he was rejected. The defendant then moved for a continuance till term-time of the court, to the end that the bail might be changed, and filed the affidavit of *Higgins*. But it appearing that *Warner* became bail with the full knowledge of *Higgins*, the auditor refused the continuance. The defendant produced evidence tending to prove the agreement aforesaid, and the plaintiff introduced evidence to disprove it, or rather to prove that the cattle were to be delivered at *St. Albans* and not at *Swanton*. And the defendant also proved, that on the 1st day of October, 1827, at *Swanton Falls*, *Twitchel* turned out sufficient saleable, neat cattle, at a fair appraisal, for more than enough to pay this demand ; intending thereby to pay and satisfy the plaintiff's account. The plaintiff was not present at the turning out of the cattle at *Swanton*.

Upon the whole evidence in relation to the agreement, the auditor considers it not proved that the plaintiff agreed to receive the cattle delivered at *Swanton*. The auditor, therefore, finds for the plaintiff to recover the amount charged for his own labour, with the interest after the 1st day of October, A. D. 1827, after deducting a payment made in shingles in September, A. D. 1827, which leaves the sum of thirty-two dollars and ninety-eight cents due from the defendant to plaintiff to balance book accounts between them."

The defendant objected to the acceptance of the report, and assigned the following reasons : 1. The action was commenced against *Higgins & Twitchel*, and the auditor was empowered to adjust the accounts of *Higgins & Twitchel* and the plaintiff : whereas said *Twitchel* was dead before the trial of the cause. 2. The auditor refused the reasonable request of said *Higgins* for a continuance of the cause, as will appear by the report and affidavit of *Higgins* thereto annexed. 3. It appears by said

FRANKLIN,     report, that the plaintiff's claim, if any, is founded on a special
*January,*    contract, not the proper subject of book charge.
1829.

Newton            The county court accepted the report of the auditor, and the
*vs.*         case was reserved for the opinion of this Court,
Higgins.

After argument,

PRENTISS, J. delivered the opinion of the Court.—At common
law, in all actions, where there are two or more plaintiffs or de-
fendants, the death of one of them, pending the action, or before
final judgment, is an abatement of the action. But it is provided
by statute, that if there be two or more plaintiffs or defendants,
and one or more of them die, if the cause of action survives, the
writ or suit shall not be thereby abated ; but such death being sug-
gested on the record, the same shall proceed at the suit of the
surviving plaintiff or plaintiffs, against the surviving defendant
or defendants. *( Com. Stat. p.* 345, *s.* 61.) As the cause of ac-
tion in this case survived, the auditor did right in proceed-
ing to adjust the accounts, notwithstanding the death of one
of the defendants ; and as the death was suggested on the
record in the court below, pursuant to the statute, judgment was
properly rendered on the report against the surviving defendant.

It is very clear that a witness not originally interested, cannot, by
his own act, deprive a party of the benefit of his testimony. If
he becomes interested by his own act, without the interference
or consent of the party, such subsequent interest will not render
him incompetent. But if his interest is cast upon him by opera-
tion of law, and especially by the act of the party who requires
his testimony, he is incompetent. The witness offered by the
defendant, on the hearing before the auditor, had become bail in
the suit for the defendant, with his knowledge and consent, and
was, therefore, incompetent, and properly rejected. As to the
refusal of the auditor to grant the continuance requested, it is cer-
tainly not usual, after a witness is rejected, to allow a continuance
for the purpose of enabling the party to remove the interest of the
witness, and restore his competency, by a release or otherwise.
If the defendant wished to avail himself of the testimony of the
witness, he should not have procured him to become bail in the
suit. At any rate, he should have applied in proper season to the
court below, to accept other bail and discharge the witness. But
the continuance was a matter resting in the discretion of the audi-
tor. We do not mean, however, to say, that the court below, if
the interest of the witness had been removed, and it had been
made to appear that manifest injustice had been done, and that
his testimony would be decisive of the case, might not in their dis-
cretion, on adequate terms, have recommitted the case to the au-

FRANKLIN,
January,
1829.

Newton
vs.
Higgins.

ditor for a further hearing. But the report having been accepted and judgment rendered upon it in the court below, the defendant is concluded; and the refusal of a continuance by the auditor is not a matter of error to be corrected on a removal of the cause here.

The plaintiff's account consisted of charges for work and services performed by him for the defendant and his deceased partner, for which they agreed to make payment in cattle. The services were such as are usually charged on book ; and where the articles are in themselves proper subjects of book charge, a special agreement as to the mode of payment will not preclude the plaintiff from the right to charge them on book, and sue for them in this form of action.—(*Fay et al.* vs. *Green*, 2 *Aik.* 386.)

Judgment affirmed.

*Smith*, for plaintiff.
*Sheldon* and *Smalley* and *Adams*, for defendant.