## EMERY FISK *vs.* JAMES GRAY.

In an action on a bond in which judgment is ordered for the penal sum, a person appointed
by the court to hear the parties, ascertain the amount for which execution should issue,
and make report thereof, has no authority to pass upon the question of costs.

In the provision of the Gen. Sts. c. 156, § 5, denying costs to the plaintiff in personal ac-
tions (except actions of replevin) brought originally in this court or the superior court,
unless he "finally recovers" more than twenty dollars for debt or damages, or unless as
provided in § 6, the words "finally recovers" refer to the ultimate judgment of the
court.

In an action on a bond in the penal sum of more than twenty dollars, brought originally in
the superior court, in which the plaintiff obtains judgment under the Gen. Sts. c. 133,
§ 9, for the amount of the penalty, he is entitled to his full costs, although the award of
execution under § 10 is for less than twenty dollars.

In determining, under the Gen. Sts. c. 133, § 10, the amount for which execution should be
awarded in an action on a bond, in which the plaintiff has obtained judgment for the
penal sum, it is within the discretion of the court to appoint a person to hear the parties,
ascertain the amount and make report thereof, and to act on his report.

In this court, on appeal, a judgment of the superior court in an action on a bond was re-
versed so far as it related to the amount for which execution should issue, and the case
was ordered to be referred to an assessor to determine such amount. The superior court
accordingly appointed a person assessor, to hear the parties, ascertain the amount, and
make report; and ordered execution for the sum reported by him. *Held,* that the de-
scription of the person as "assessor" did not invalidate the order for the execution.

CONTRACT on a bond.   After the decision reported 11 Allen,
132, affirming the judgment of the superior court for the pen-
alty of the bond, which was one hundred dollars, but reversing
it so far as execution was ordered to issue for the whole amount,
and directing the case to be referred to an "assessor," unless
the parties should agree upon the amount for which execution
should issue, the superior court passed an order for the ap-
pointment of an "assessor," "to hear the parties and ascertain
the amount for which execution should issue, and make report
thereof;" and William Gaston, the assessor so appointed, re-
ported that after hearing the parties he found "that the amount

for which execution should issue is fifteen dollars damages, with costs of court to be taxed by the court," but that before entering upon the hearing the defendant filed a protest " against the right of said Gaston to proceed as assessor in said cause, and denying that he has been legally appointed or can legally act in the premises." The superior court accepted the report, and ordered execution to issue " for the amount found by the assessor, with full costs ; " and the defendant appealed.

*A. Cottrell,* for the defendant. 1. The assessor had no authority to pass on the question of costs.

2. Nor, in this case, the court. The sum finally recovered controls ; not the verdict or judgment. *Holmes* v. *Leland,* 1 Gray, 625. The St. of 1786, *c.* 52, § 3, would have given costs to the plaintiff; but not the Gen. Sts. *c.* 156, § 5.

3. Under the Gen. Sts. *c.* 133, § 10, the court had no right to send the case to an assessor.

*W. Colburn,* for the plaintiff, was not called upon.

HOAR, J. The assessor could not pass upon, much less decide the question of costs; but the appeal from the judgment of the court, which ordered full costs to be allowed, brings the question before us anew, and renders his report immaterial upon this point. We are of opinion that the allowance of full costs to the prevailing party was correct.

The action was upon a bond, which this court has decided to be a penal bond, for the sum of one hundred dollars, to secure the performance of several covenants. Judgment was rendered for the penalty, under the provisions of the Gen. Sts. *c.* 133, § 9. Thereupon it became the duty of the court to determine for what part of the penal sum execution should issue ; and the aid of an assessor being had, the award of execution was for fifteen dollars, as the amount then due in equity and good conscience. But this did not bring the case within the rule as to costs which is given in the Gen. Sts. *c.* 156, § 5, that " in personal actions brought originally in the superior court, if the plaintiff finally recovers a sum not exceeding twenty dollars for debt or damages, he shall be entitled to no costs." The plaintiff had finally recovered one hundred dollars, and had judgment for that sum

What sum he would be entitled to collect by execution would depend upon circumstances. If execution were awarded for but a part of the judgment in the first instance, he might have a *scire facias* for any future breach of the covenants in the bond, for which the judgment would stand as security. By the St. of 1786, *c.* 52, § 3, if the plaintiff in an action on a contract recovered judgment for less than four pounds in a court of record, he could recover only a quarter as much costs as damages. By the Rev. Sts. *c.* 121, § 3, the language of a similar provision is, " shall finally recover any sum not exceeding twenty dollars for debt or damages, whether in the court of common pleas or in the supreme judicial court." The words " finally recover " in the General Statutes, as in the Revised Statutes, refer, as we think, to the ultimate judgment rendered in any court. The recovery of judgment in this case was for a debt of a hundred dollars.

The employment of an assessor to compute the amount due was directed by this court when the case was before us at a former stage. 11 Allen, 132. Although called an assessor, his duties were those of a master in chancery, the proceeding being in the nature of an equitable hearing, and a special appointment for such a purpose being proper. Certainly in that view, and perhaps under the statute authorizing the appointment of an auditor, (Gen. Sts. *c.* 121, § 46,) it was within the discretion of the court to avail itself of such an assistant in ascertaining the amount due to the plaintiff; and to act upon his report in fixing the amount for which an execution should be awarded. " The term auditor designates an officer, either at law or in equity, assigned to state the items of debt and credit between parties, and exhibit the balance." *Whitwell* v. *Willard*, 1 Met. 218. Where the object is the assessment of damages, to call such an officer an assessor is not a material departure from the fact, and does not invalidate the substantial correctness of the order of the court. *Judgment affirmed.*