ALBERT W. PAINE, insurance commissioner, *vs.* MAINE MUTUAL
MARINE INSURANCE COMPANY.

Penobscot. Opinion June 7, 1879.

*Evidence. Auditor,—hearing before.*

Invoices, bills of lading, or protests, are not admissible as evidence, in a suit
upon an insurance policy, to show the loss sustained by the person insured.

An auditor cannot receive in a hearing before him any but legal evidence.

ON REPORT.

APPEAL by Andre Cushing & Co., of St. John, N. B., from the
decision of receivers upon claims filed in insolvency against said
respondent company for losses on policies, only a part of which
was allowed by the receivers; objections were duly filed in
accordance with the provisions of the statute, c. 148, acts of 1873,
§ 10.

The appeal having been entered in this court sitting at *nisi
prius,* the claimants moved for the appointment of an auditor to
adjust the claims and to report, according to R. S., c. 82, § 62.

The receivers objected to such appointment, for the reason that
the case was not such an one as contemplated by the statute author-
izing the appointment of auditor. The objection was overruled,
and an auditor appointed, who heard the parties, made his report,
and also a supplementary report upon a recommitment.

The case coming up for trial at the April term, 1878, the claim-
ants offered the auditor's reports, and these make a part of the
case.

The receivers offered no evidence, but insisted upon the objec-
tions made to the appointment of auditor, and also to the objec-
tions offered by them to the evidence as set forth in the supple-
mentary report; objections were duly filed in writing. The pro-
test, bill of lading and invoice, in one of the cases, are to make a
part of the case, to be referred to by either party. The case is
submitted to the full court on law for decision. It was agreed
that the reports were not accepted, when offered, or at any time,
but motion having been made by the plaintiff to have them
accepted, the question of their acceptance and all the rights of the

parties are submitted for the decision of the full court, as before stated.

If the objections are both overruled by the court, then judgment is to go upon the auditor's report; otherwise, for the amount found and reported by the receivers. The court also to decide questions of cost.

Report of auditor, indorsed upon warrant. " To the honorable judge of the supreme judicial court in and for the county of Penobscot: Pursuant to the within commission to me, I gave the parties therein named notice of the time and place when I would attend to the business therein named; at which time and place Charles P. Stetson, Esq., in the interest of the Maine Mutual M. Ins. Co., and Andre Cushing & Co., in behalf of themselves, appeared, the said Charles P. Stetson protesting that by his said appearance he waived no rights, but reserved full permission to object to the proceedings, and to any submission to the auditor. And now, having heard the parties and examined their respective vouchers and proofs, I have stated the accounts and all credits between said parties, as appears in the annexed accounts and the account current, and do hereby report that the said annexed statement shows the true and correct accounts between the said parties, as found by me. For services as auditor, I ask the allowance of one hundred and twenty five dollars. Albert Marwick, auditor. February 5th, 1878."

Supplementary report of auditor. " To the honorable justice of the supreme judicial court in and for the county of Penobscot: In the action, *Albert W. Paine,* insurance commissioner, complainant, v. *Maine M. M. Ins. Co.,* the report heretofore made by me, as auditor on the claims of Andre Cushing & Co., having been re-committed, I have further to report, that at the hearing of the parties, as stated in my previous report, the claimants, in addition to other evidence, also offered certain protests, bills of lading, and invoices, as vouchers relating to the several cargoes for the loss of which, wholly or partially, the claims under consideration were made. To the admission of these papers as evidence, the receivers objected. But finding that the papers are such vouchers as are received by adjusters of marine losses, and also by marine

insurance companies as proof of claims such as made in the case, and being found genuine, and regarded by me as pertinent to the inquiry, I accepted the same as competent evidence, properly to be considered by me as auditor; and I have accordingly so treated them in making my report. Albert Marwick, Auditor. Portland, April 15, 1878."

*A. W. Paine,* for the claimant, cited *Field* v. *Holland,* 6 Cranch. 8. *Whitwell* v. *Willard,* 1 Met. 219. *Quimby* v. *Cook,* 10 Allen, 32, 33. *Corbett* v. *Greenlow,* 117 Mass. 173. *Washington Co.* v. *Dawes,* 6 Gray, 376. *Lazarus* v. *Insurance Co.,* 19 Pick. 81.

As to course of procedure before the auditor. *Field* v. *Holland, supra. Howard* v. *Kimball,* 65 Maine, 326. *Jones* v. *Parker,* 6 N. H. 20. 11 N. H. 246. 18 N. H. 135. 31 N. H. 419–423. *Field* v. *Porter,* 32 N. H. 381. 38 N. H. 418. 27 N. H. 244. *Locke* v. *Bennett,* 7 Cush. 451. *Barnard* v. *Stevens,* 11 Met. 298. *Allen* v. *Hawkes,* 11 Pick. 361. *Holmes* v. *Hunt,* 122 Mass. 514. *Commonwealth* v. *Cambridge,* 4 Met. 35. *Doyle* v. *Doyle,* 56 N. H. 567. *Perkins* v. *Scott, Id.* 55.

*C. P. Stetson,* for the defendant, contended that the documents offered by the claimants and received by the auditor, were not sufficient or legal evidence of the loss. 2 Greenl. Ev. § 385. 2 Pars. M. Law, 489. *Whitwell* v. *Willard* 1 Met. 218. *Field* v. *Holland,* 6 Cranch. 8. *Allen* v. *Hawkes,* 11 Pick. 359.

The court will examine whether the master has admitted incompetent testimony, or based his conclusion upon facts not sufficient; and if he has, will set aside or re-commit the report. *Fair* v. *Manhattan Ins. Co.,* 112 Mass. 331. *Merrill* v. *Russell,* 12 N. H. 75. *Breed* v. *Gove,* 41 N. H. 453. *Jones* v. *Stevens,* 5 Met. 379. *Ropes* v. *Allen,* 9 Allen, 502. *Morrill* v. *Keyes,* 14 Allen, 222. *Kendrick* v. *Tarbell,* 27 Vt. 514. *Cottrel* v. *Vanduzen,* 22 Vt. 515. *Gilbert* v. *Tobey,* 21 Vt. 307. *Bradley* v. *Bassett,* 13 Conn. 560. *Cary* v. *Herrin,* 59 Maine, 361.

PETERS, J. The auditor, at the hearing before him, admitted certain invoices, bills of lading, and protests as documentary evidence to establish the losses alleged to have been sustained by the

claimants under their insurance policies. The papers were not legal evidence. They were merely the statements of the plaintiffs themselves or of third persons. An invoice is usually a paper made out by the owner or shipper of the cargo. Lord Ellenborough (*Dickerson* v. *Lodge*, 1 Stark. 226) said a bill of lading was "nothing more than the declaration of the captain." Lord Tenterden (Abb. Ship. 380 English paging) styles a protest "a declaration or narrative by the master," and says "it cannot be received in evidence for the master or owners, but may be received against him or them." Lord Kenyon entertained the same view. *Christian* v. *Coombs*, 2 Esp. 489. In *Senat* v. *Porter*, 7 T. R. 158, its admissibility was not regarded as "an arguable question." A ship's log (similar to a protest in character) is only evidence to contradict a witness who has kept it. *Rundle* v. *Beaumont*, 4 Bing. 537. *United States* v. *Gibert*, 2 Sum. (C. C.) 19. Dickerson, J. in *Stephenson* v. *Piscataquis F. & M. Ins. Co.*, 54 Maine, 73, speaking of a survey (a document of similar import) says, "neither plaintiff nor defendant can use such a document in evidence without consent of parties." It is the general and well nigh universal doctrine. 2 Phil. Ins. 663, and cases cited. Fland. Ship. 284. 2 Pars. Mar. Law, 489, and cases there cited. 3 Kent Com. 389, note. Abb. Ship. *supra.*

An auditor cannot receive any but legal evidence. He is not an independent tribunal like a referee chosen as such by the parties. He is a part of the court itself which intrusts him with its commission. Like any other tribunal of law, he must be governed by legal principles. Extreme injustice might be suffered by parties if it was otherwise. If it was as contended by the claimants, a report might be made by an auditor against a party founded entirely upon illegal evidence, and the burden created by it could be removed by such party in this court only by legal evidence ; a case made out by illegal proof to stand until overcome by legal proof. Besides, if an auditor can set himself at all above the law, what limits can be prescribed to the exercise of such discretion ? He must be required to act within the law, or he must have the right without limitation to act outside of it. The general proposition is nowhere denied that an auditor must decide

legal questions according to law. Whether testimony is admissible or not is but a question of law.

Claimants' counsel puts great stress upon the fact that there are decisions sustaining auditors in allowing parties to testify before them when such parties could not testify in court. But this power was not one usurped by auditors. It was one entrusted to them by the courts. It was legal and not illegal for auditors to do so. When the legislature authorized the appointment of auditors the power to examine parties as witnesses was granted by implication. And parties testifying could explain their accounts and vouchers. In the case before us the papers were received as evidence *per se* of the matters contained in them, not in connection with other evidence and as a part thereof, but, as the report declares, "in addition" thereto. By the earlier common law, auditors were not even allowed to administer an oath to parties but in few instances. The rule was extended to still other cases by the statute of Anne, and the power became in this country more and more enlarged by legislatures and courts. Bac. Ab. Accompt. G. 1 Story Eq. Jur., § 447, and note thereto. *Wheeler* v. *Horne*, Willes, 208.

We have been cited to no case, nor have we met with one, that permits auditors to receive and consider illegal evidence. The rule is correctly stated in Oliver's Precedents (Account), that " their (auditors') report may be objected to, either on account of any mistake of the law, or any improper admission or rejection of evidence, or because they have taken into consideration matters not submitted to them." This accords with the practice observed in many cases. An auditor cannot decide the question of costs. *Fisk* v. *Gray*, 100 Mass. 191. Has no authority to disallow an item allowed by the pleadings. *Snowling* v. *Plummer Granite Co.*, 108 Mass. 100. Could not allow a person to testify who was interested as bail of the party calling him. *Newton* v. *Higgins*, 2 Vt. 366. Nor allow an interested witness to testify, although the party himself could. *McConnell* v. *Pike*, 3 Vt. 595. Nor receive oral testimony of the contents of a paper that could be produced. *Putnam* v. *Goodall*, 31 N. H. 419. Depositions (for defects) should be objected to before auditor, or the objection is

removed to afterwards using them in court. *Gould* v. *Hawkes,* 1 Allen, 170. If the evidence is immaterial and not prejudicial to the dissenting party, its wrongful admission is not sufficient to set an award aside. *Kendrick* v. *Tarbell,* 37 Vt. 512. Very many cases might be added. These, for illustration, will suffice.

*Appeal dismissed; with costs to respondents.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.