INEZ J. BENSON *v.* M. R. CRAIN AND EDMOND M. POND.

October Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and MILES, JJ.

Opinion filed November 15, 1916.

*Survival of Actions—Mode Provided by Statute—When Action Cannot be Prosecuted Against Representative of Deceased Defendant.*

P. S. 2835, providing that if either party die during the pendency of an action for the recovery of damages for a bodily hurt or injury, the action shall survive and may be prosecuted by or against the executors or administrators of the deceased party, but when one or more, but not all, of several defendants die, it shall be prosecuted against the surviving defendant or defendants only, has reference to the survival of an action pending at the time of the

death of a party, as distinguished from the survival of the cause of action on which the suit is based.

Inasmuch as the revival of an action at law is purely statutory in its origin, the mode provided by statute is exclusive; that is to say, it is revivable only in the manner and to the extent provided by the statute.

Under P. S. 2835, an action to recover damages for alleged malpractice commenced against two defendants, one of whom has died during the pendency thereof, cannot be prosecuted against the executor of the deceased defendant, but, when his death is suggested on the record, the case stands in legal contemplation as a suit against the surviving defendant alone.

P. S. 2836, providing that an action which survives may be commenced and prosecuted, or when commenced in the lifetime of the deceased, may be prosecuted against the executor or administrator, where by law that mode of prosecution is authorized, does not conflict with P. S. 2835, and does not permit the plaintiff in an action to recover damages for alleged malpractice against two defendants, one of whom has died during the pendency of the suit, to revive the action against the executor of the deceased defendant by citing him in to defend.

ACTION in tort for negligence. Heard on plaintiff's motion to cite in the executor of the estate of defendant Crain, who had died while the suit was pending, and on defendant's motion to have the cause discontinued as to defendant Crain, by the appointment of commissioners upon his estate, at the April Term, 1916, Windham County, *Miles,* J., presiding. The court, as matter of law, granted plaintiff's motion and overruled defendants' motion. Defendants excepted. The opinion states the case.

*T. W. Moloney* and *W. S. Fenton* for the defendants.

*H. G.* and *F. E. Barber* for the plaintiff.

TAYLOR, J. The action is tort for the recovery of damages on account of the alleged negligence of defendants who were employed as surgeons to set and treat plaintiff's broken leg. The writ issued July 8, 1915, and was served on defendant Crain July 17, 1915, and duly entered in court. General appearance for both defendants was entered by counsel and the cause was

continued at the following September Term on defendants' motion. Defendant Crain died in October, 1915, his executor was commissioned and qualified and commissioners were appointed upon his estate November 11, 1915. Immediately thereafter counsel for defendants filed a notice of the death of Crain and the appointment of commissioners upon his estate. On March 23, 1916, plaintiff gave notice that upon the call of the docket at the next term of court a motion would be made to discontinue the suit as to defendant Pond, and on the same day filed a motion to cite in Crain's executor. Subsequently the defendants filed a motion to have the cause discontinued as to defendant Crain by the appointment of commissioners. The motions came on for hearing at the April Term, 1916, and thereupon the court as a matter of law granted plaintiff's motion and overruled that of the defendants. Exceptions were noted for each of the defendants and the cause passed to this Court before final judgment.

The question presented involves the construction of the statutes relating to the survival of actions and of causes of action. At common law the death of either party to an action for the recovery of damages for a personal injury put an end to the action, on the theory that the tort died with the person. *Whitcomb's Adm'r* v. *Cook*, 38 Vt. 477; *Needham's Adm'r* v. *Grand Trunk Ry. Co.*, 38 Vt. 294. To relieve against the hardness of this rule, in 1847 the Legislature enacted what is now embodied in P. S. 2835 and 2836. No. 42, Acts of 1847.

By P. S. 2835 it is provided: "If, in an action for the recovery of damages for a bodily hurt or injury, occasioned to the plaintiff by the act or default of the defendant or defendants, either party die during the pendency of such action, the action shall survive and may be prosecuted to final judgment by or against the executors or administrators of such deceased party; but when there are several defendants in such action and one or more, but not all, die, it shall be prosecuted against the surviving defendant or defendants only." This section has reference to the survival of an action pending at the time of the death of a party as distinguished from the survival of the cause of action on which the suit is based. The survival of causes of action, other than those that survived at common law, is provided for in P. S. 2836, which by reference to the preceding section includes that for a bodily hurt.

Plaintiff claims the right to discontinue the suit as to the surviving defendant and proceed with it against Crain's executor, notwithstanding the provision of the former section that the action shall be prosecuted against the surviving defendant only, because of the provision of the latter section that an action which survives may be commenced and prosecuted, or when commenced in the lifetime of the deceased may be prosecuted by or against the executor or administrator. But she overlooks the force of the qualifying clause, ''where by law that mode of prosecution is authorized.'' When effect is given to this clause there is no conflict between the two sections. The latter section is general and refers to all the actions mentioned in the two preceding sections. It does not in terms refer to a case where there are several defendants and one or more but not all die. The procedure in such case where the action is for a bodily hurt is regulated by P. S. 2835, wherein, as we have seen it is expressly provided that the action shall be prosecuted against the surviving defendant or defendants only. It seems evident that the Legislature intended in such case to leave the suit to abate as to the deceased defendant. This view is confirmed by an examination of other legislation on the same subject-matter.

At common law in all actions where there were two or more plaintiffs or defendants, the death of one while the action was pending operated to abate it. *Newton* v. *Higgins*, 2 Vt. 366. Very early the Legislature provided against the abatement of pending suits on the death of a party when the cause of action survived. At the time what is now P. S. 2835 was originally adopted this general provision was as follows: ''When there are several plaintiffs or defendants in any action, the cause of which survives, and any of them shall die before final judgment, the death of such party shall be suggested on the record and the action shall proceed at the suit of the surviving plaintiff, or against the surviving defendant, as the case may be.'' R. S. c. 48, §15. This is now P. S. 2842. At the same time what is now P. S. 2836 was in force except that it did not relate to the actions for bodily hurt. R. S. c. 48, §12. When the Legislature resolved to include actions and causes of action for bodily hurt in those that should survive, instead of amending existing sections it enacted new sections and adapted the new to the existing law by incorporating into one section the substance of the existing statute relating to procedure when one of two or

more plaintiffs or defendants die, and by extending the general provision for the survival of causes of action to the new cause by copying the provisions of that statute. See No. 42, Acts of 1847, §§1 and 2. In subsequent revisions section one of the act has been preserved as a separate section and is now P. S. 2835, while the second section was merged by amendment in what is now P. S. 2836. See C. S. c. 52, §§11, 12.

It is unnecessary for the purposes of this inquiry to consider what becomes of plaintiff's *cause of action* against the deceased defendant. The question for decision relates to the survival, or perhaps more accurately speaking, to the revivability, of a suit that would abate at common law. Inasmuch as the revival of an action at law is purely statutory in its origin, the mode provided by statute is exclusive; that is to say, it is revivable only in the manner and to the extent provided by the statute. It is clear that plaintiff's *action*—the pending suit—cannot be prosecuted against Crain's executor, for the statute upon which she must rely to escape the consequences of the common law expressly negatives her right in unambiguous language. Nor can she defeat the manifest purpose of the statute by discontinuing as to the surviving defendant. The status of the suit so far as defendant Crain was concerned became fixed from the time of his death; and when his death was suggested on the record, the case stood in legal contemplation as a suit against the surviving defendant alone. See *Herring* v. *Selden,* 1 Vt. 14; *Baor* v. *Lowrey,* 103 Ind. 468, 3 N. E. 151, 53 Am. Rep. 519.

For a review of the leading cases on the subject of abatement and revival of actions and the survival of causes of action see 1 R. C. L. 20-40.

It follows that the action could not be revived against Crain's executor by citing him in to defend and that the court erred in refusing to discontinue the action as to the defendant Crain on the suggestion of his death. The granting of plaintiff's motion, standing alone, would not be error; but it was evidently done to pave the way for overruling defendants' motion and concurrently with that action, so we think the entire judgment should be reversed.

*Judgment reversed, cause discontinued as to defendant Crain and remanded as to defendant Pond. Let the defendants recover their costs.*