LEWIS SNOWLING *vs.* PLUMMER GRANITE COMPANY.

In an action on an account annexed, the account contained an item in which the defendants were credited with cash paid to the plaintiff; and the answer admitted that this item was correct. *Held,* that the parties were concluded by the pleadings as to the correctness of the item, and that it was not open to an auditor to find that the amount actually paid was less than that credited.

CONTRACT on an account annexed, containing several items of credit to the defendants, and in the twenty-sixth item crediting them with $148.65 cash paid to the plaintiff. The answer admitted the correctness of these items. The case was referred to an auditor, who found, as to the twenty-sixth item, that only $120.75 had been paid by the defendants to the plaintiff, and that on the whole account the sum of $44.17 was due to the plaintiff.

At the trial in the superior court, before *Brigham*, C. J., the plaintiff rested his case on the auditor's report. The defendants offered no evidence; but contended that the auditor was not warranted in his finding as to the twenty-sixth item, and requested the judge to rule that, there being no evidence in the case besides

the auditor's report, and there being error in law in that report as to the finding upon this item, the plaintiff could only recover $16.27, which was the difference between $44.17, the amount found by the auditor to be due, and $27.90, the amount with which the auditor had refused to credit the defendants. The judge so ruled, the jury returned a verdict for the plaintiff for $16.27 and interest, and the plaintiff alleged exceptions.

*G. W. Hobbs*, for the plaintiff.

*F. Deane*, for the defendants.

GRAY, J. The practice act requires that, in an action of contract upon either of the common counts, a bill of particulars should be filed by the plaintiff, with the items numbered consecutively, and be deemed part of the record, and answered as such, and that the defendant should answer each item specifically. Gen. Sts. *c.* 129, §§ 10, 18. By the same statute, the declaration and answer in every case, though not evidence for either party, are to be deemed allegations by which the party making them is bound. § 72.

This is an action upon an account annexed, which under our practice is one of the common counts. *Stearns* v. *Washburn*, 7 Gray, 187. The plaintiff, in the twenty-sixth item of his bill of particulars, admitted a credit of a certain sum in cash. The defendants in their answer expressly admitted that the several items of credit in the plaintiff's bill of particulars were true. Such being the state of the pleadings, both parties were conclusively bound by their respective allegations, and neither could contradict what the one had thus asserted and the other admitted. *Rundlett* v. *Weeber*, 3 Gray, 263. *Boston Acid Manufacturing Co.* v. *Moring*, 15 Gray, 211. *Walcott* v. *Kimball*, 13 Allen, 460. The reference to the auditor was necessarily limited to the matters in issue between the parties, and no issue having been made as to the amount of this item, he had no authority to vary that amount. Gen. Sts. *c.* 121, § 46. *Flint* v. *Hubbard*, 1 Allen, 252. The ruling of the superior court was therefore correct.

If the plaintiff wished to reduce the credit as stated in his bill of particulars, he should have moved to amend. If an amendment had been moved for and allowed, the court might then have

admitted in evidence the whole report of the auditor, unless the rights of either party required a recommitment of the report to him. *Washington County Insurance Co.* v. *Dawes,* 6 Gray, 376. *Kendall* v. *May,* 10 Allen, 59.                    *Exceptions overruled.*