CHARLES W. WOOD & another *vs.* CHARLES T. SHERER.

Worcester.    October 6, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, & BRALEY, JJ.

*Contract,* Account stated. *Accord.*

In an action by an attorney at law for compensation for professional services, with a count upon an account stated and another count upon an account annexed for a larger sum, it appeared that the parties agreed upon a settlement by the payment of the sum named in the count upon an account stated and by the passing of receipts, that the defendant said that he would give a check on the spot but neither party had a blank check on the defendant's bank, that for a number of days the plaintiff expected to receive the check and the defendant made promises to send it, and that before bringing his action the plaintiff notified the defendant that unless he received the check by a certain day he should sue. *Held,* that upon this evidence it could not be ruled as matter of law, either that the settlement was conditional or that the defendant procured it by a fraudulent promise to give a check on the spot, and the plaintiff was allowed to recover only the sum named in his count upon an account stated.

CONTRACT by attorneys at law for compensation for professional services, originally upon an account annexed for $2,293. Writ dated May 26, 1903.

In the Superior Court the case was tried before *Gaskill,* J., upon an auditor's report. The judge allowed the plaintiffs to amend their declaration by adding a second count upon an ac-

---

count stated, alleging an accounting together on March 23, 1903, and a balance of $500 then found due to the plaintiffs. It was agreed that the services rendered, which were declared upon in the first count, were the subject of the interview between the parties set forth in detail in the auditor's report, and the plaintiffs stated that the second count involved no other or different claim for services than the items contained in the first count.

It was contended by the defendant that the plaintiffs having pleaded an account stated, for the same cause of action as the account annexed, and the defendant having admitted the account stated and having consented to judgment thereon, no judgment could be rendered upon the first count.

It was agreed that the case should be submitted on the pleadings and the auditor's report, and that the judge might order a verdict for the amount of $527.17 or for the other amount of $2,317.97.

The judge thereupon ordered a verdict for the sum of $500 with interest from March 23, 1903, amounting in all to $527.17; and, at the plaintiffs' request, reported the case for determination by this court. If the judge was correct in this ruling the verdict was to stand; if not, the case was to be remanded to the Superior Court.

*R. Hoar*, for the plaintiffs.

*H. S. Haskell, M. M. Taylor & R. B. Dodge*, for the defendant.

BARKER, J. As the pleadings stood when the verdict for $500 and interest was ordered, the parties both alleged that on March 23, 1903, they had an accounting together and a mutual settlement of the demands in suit and found the sum of $500 to be due from the defendant to the plaintiffs and that the defendant then promised to pay that sum. It is difficult to see how either party could contradict what both had alleged in pleading. See *Snowling* v. *Plummer Granite Co.* 108 Mass. 100, 101. There was no allegation in pleading on the part of the plaintiffs that this mutual settlement was void for fraud on the part of the defendant, nor does the report show that such a contention was made at the trial. The case was submitted on the pleadings and the auditor's report with the agreement that the presiding judge might order a verdict for the amount of the sum agreed between

the parties on March 23, 1903, with interest, or for the amount of $2,317.97, which represented the whole demand sued for, with interest. The auditor's report set forth a detailed statement of the interview of March 23, 1903, which the auditor's report states as the testimony before him of one of the plaintiffs. That evidence tends to show that the parties agreed upon a settlement by the payment of the sum of $500 by the defendant to the plaintiffs and the passing of receipts.

When that sum was proposed the defendant said he would give a check on the spot, and there is no doubt that the plaintiffs expected him to make payment in that way when they acceded to a settlement for that sum. Because neither party had a blank check on the defendant's bank he did not give a check on the spot. But the evidence tended to show also that for a number of days thereafter the plaintiffs expected to receive the check and that the defendant made other promises to send it, and that four days before suing out the writ the plaintiffs notified the defendant that unless they received the check by a certain day they would sue.

Upon the terms of the report we think the verdict must stand unless as matter of law the presiding judge was bound to order a verdict for the larger sum, or unless, in other words, the evidence showed conclusively that the settlement was a conditional one, or that the defendant procured it by fraud. In our opinion it cannot be ruled upon the evidence, as matter of law, either that the settlement was conditional, or that the defendant procured it by a fraudulent promise to give a check on the spot.

*Judgment on the verdict.*