CHARLES S. STUART *vs.* NELSON B. CLARK.

Suffolk.   January 21, 1927. — May 18, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Broker,* Commission. *Practice, Civil,* Amendment, Variance, Ordering verdict, Requests, rulings and instructions. *Pleading, Civil,* Declaration.

The declaration, in an action of contract by a broker for a commission for procuring a sale of a business of the defendant, alleged that on or about March 13 the defendant requested the plaintiff to find a customer and agreed to pay a commission of ten per cent, that he found a customer who purchased and paid the defendant $6,500. The evidence showed that the contract thus described was not performed because its terms had to be, but were not, fulfilled before May 28 and because it specified a sale price of $10,000. There was evidence, however, that after May 28

the defendant spoke with the plaintiff, told him of a possible reduction in the price, and asked him to get at such customer and urge his renewed consideration of the matter; that the plaintiff spoke with the customer, and, in consequence, the latter entered upon the final negotiations which culminated in the sale. The plaintiff moved to amend the declaration by changing the date March 13 to June 25. Nothing appeared to indicate that the defendant was misled or prejudiced in his defence, and the judge, finding that the cause for which the action was intended to be brought was the defendant's failure to perform an obligation to pay a commission upon a sale made to a customer secured by the plaintiff, allowed the motion. *Held,* that

(1) There was no error in the judge's finding;

(2) No abuse of discretion appeared;

(3) An exception to the allowance of the amendment must be overruled.

A second count in the declaration above described was upon an account annexed. At the trial of the action, there was evidence that after possibility of liability arising out of the transactions in March had ceased to exist, the plaintiff, at the defendant's request, brought it about that the customer became the purchaser of the business; that he did this expecting to be paid a commission; and that the defendant understood that he so acted, and expected, or as a reasonable man should have expected, to make payment if a sale took place. *Held,* that

(1) It was proper to deny a motion by the defendant for the ordering of a verdict in his favor;

(2) The first count was appropriate pleading if the evidence showed that the parties had agreed in terms upon a definite compensation;

(3) The second count was proper if the terms of payment had not been expressly agreed upon; or if, after express agreement, the plaintiff had performed fully and nothing remained to be done except to make payment;

(4) There was no variance and no failure of evidence to support the material allegations.

A judge at a trial is not bound to give a request for a ruling of law based upon a statement of a part of controverted facts.

CONTRACT with a declaration and an amended declaration described in the opinion. Writ dated August 21, 1924.

In the Superior Court, the action was tried before *Qua,* J. Material evidence and rulings by the trial judge are described in the opinion. The jury found for the plaintiff in the sum of $607.60. The defendant alleged exceptions.

The case was submitted on briefs.

*S. Cohen,* for the defendant.

*J. M. Graham,* for the plaintiff.

WAIT, J. This is an action by a broker to recover a commission upon a sale of a business. After verdict for the

plaintiff, the defendant presents his bill of exceptions, and contends that there was error: (1) in the allowance of an amendment; (2) in the denial of his motion for the direction of a verdict in his favor; and (3) in the refusal to instruct the jury in accord with certain requests.

There is no substantial dispute in regard to the following facts: About March 13, 1924, the defendant consulted with the plaintiff and his son, who was his agent or employee, about the sale of a business at Beverly. On March 28, he wrote the plaintiff stating that he gave the Columbia Real Estate Company, which was the name under which the plaintiff did business, for the term of sixty days from that date, exclusive agency for the sale of the business, intending not to offer it for sale through any other broker during that period, but expressly reserving the right to sell without liability for commission through his own efforts. "The selling price is to be $10,000.00 and your commission will be 10% of said price, so that in any event, the sale of the business will net me $9000.00. . . . It is understood, of course, that you are to be entitled to the commission hereinbefore stated, only, when and if a sale is consummated by you in accordance with my terms." He enclosed check for $40 to be used in advertising. The plaintiff advertised and within a day thereafter was addressed by one Fowler in regard to a purchase. This was Fowler's first knowledge of the chance to purchase. Fowler examined the property and talked with the plaintiff's son and with the defendant, but thought the price too high and took up with the plaintiff possible purchases of other properties. No sale was arranged and no commission was earned before May 28, the expiration of the sixty days. In June, the defendant communicated with Fowler, lowered his price, and, after negotiations, agreed on a sale at $6,000, which was settled upon about June 24 and consummated on July 7. The property was owned by the defendant's brother and transfer was made by the brother who was made payee of a note for $3,000, and grantee of a mortgage to secure the note given by Fowler for part of the purchase price.

On controverted evidence, the jury could have found that the advertisement and Fowler's introduction to the property took place before March 28; that, in June and before communicating with Fowler, the defendant spoke with the plaintiff, told him of a possible reduction in the price, and asked him to get at Fowler and urge his renewed consideration of the matter; that the plaintiff spoke with Fowler, and, in consequence, the latter entered upon the final negotiations which culminated in the sale.

1. The first count of the declaration, filed October 6, 1924, in the action begun August 21, 1924, alleged that on or about March 13, the defendant requested the plaintiff to find a customer and agreed to pay a commission of ten per cent, that he found Fowler, who purchased and paid defendant $6,500, that ten per cent was a fair commission and the defendant, therefore, owed $650.

Obviously the proof failed to correspond. The contract, if made March 13, was different. It was open only until May 28, and payment was due only when and if a purchaser at $10,000, was secured. At the close of the evidence the plaintiff was allowed to amend by changing the date alleged from March 13 to June 25. The allegations of the amended count could be found to be true. Nothing appears to indicate that the defendant was misled or prejudiced in his defence. Under the statutes permitting amendment, G. L. c. 231, § 51 and § 138, it was for the judge to determine whether the cause of action remained the cause for which the suit was intended to be brought. *Church* v. *Boylston & Woodbury Cafe Co.* 218 Mass. 231. There was no error in finding that the cause for which the action was intended to be brought was the defendant's failure to perform an obligation to pay a commission upon a sale made to a customer secured by the plaintiff; and no abuse in permitting an amendment which avoided technical objections to recovery upon evidence which could be found to prove that the cause of action was well founded.

2. The motion for a directed verdict was denied properly. There was evidence for the jury to pass upon which would justify finding that after possibility of claim or

liability arising out of their transactions in March had ceased to exist, the plaintiff at the defendants' request brought it about that Fowler became the purchaser of the business at Beverly; that he did this expecting to be paid a commission; that the defendant understood that he so acted, and expected, or as a reasonable man should have expected, to make payment if a sale took place.

The law has been so fully explained in *Elliott* v. *Kazajian*, 255 Mass. 459, and *Walsh* v. *Grant*, 256 Mass. 555, with citation of authorities, that it is not necessary here to discuss the principles of law applicable in the circumstances of this case. No claim was made that the defendant acted with intent to defraud the plaintiff. Cases like *O'Connell* v. *Casey*, 206 Mass. 520, have no application. Count one, a declaration upon an express contract, was appropriate pleading if the evidence showed that the parties had agreed in terms upon a definite compensation. Count two, upon an account annexed was proper if the terms of payment had not been expressly agreed upon; or if, after express agreement, the plaintiff had performed fully and nothing remained to be done except to make payment. *Lovell* v. *Earle,* 127 Mass. 546. *Wheelock* v. *Zevitas*, 229 Mass. 167, 170.

There was no variance. There was no failure of evidence to support the material allegations. The truth lay with the jury for decision. They could find facts which would entitle the plaintiff to a verdict on either count, or on both.

3. We need not discuss in detail the requests for instructions. No exception is pressed to the refusal to give requests one, two, four, nine and thirteen. Requests three, ten, twelve, fourteen and fifteen are included under the motion for a directed verdict and are disposed of by what has been said in regard thereto. It is not law that "a written contract precludes recovery upon an oral contract." Such a statement needs great modification. Evidence of a contract antecedent to March 28 might have a bearing upon the relations of the parties and be material on the issue of what was understood if the defendant requested the plaintiff to act. There was evidence for the jury to consider on the issue whether the plaintiff was efficient cause of the sale.

The other requests ask rulings upon statements of part of the controverted facts. The judge was not bound to give them. *Neelon* v. *Hirsh & Renner, Inc.* 255 Mass. 285. The requests were given in substance so far as they contained sound law pertinent to the issues. The judge was right throughout.

*Exceptions overruled.*