## HENRY J. EGAN *vs.* MASSACHUSETTS BONDING AND INSURANCE COMPANY.

Suffolk.    December 6, 1928. — February 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Broker*, Insurance, Commission. *Contract*, Construction, Performance and breach, Implied. *Pleading, Civil*, Declaration.

An action of contract by an insurance broker against a surety company was upon an account annexed for "commission on 4th premium due" on a certain bond issued by the defendant to a construction company, and interest from the date when the premium became due. At the trial of the action, the plaintiff introduced evidence that the defendant had agreed to pay him a commission on all business he procured for it; that he procured the contract with the construction company; that he had been paid his commission on the first three premiums which had been received by the defendant; that the custom, in existence among brokers and surety companies at the time, was that, when business was written through a broker, the premium was charged to the broker, who would send a bill for the amount due to the assured and, after making collection and deducting his commission, remit the balance to the surety company, and that this custom was observed by the defendant in transactions with the plaintiff; that before the first premium was paid by the construction company on the bond in question, the defendant had notified the plaintiff that he was relieved from any duty to collect the premiums on this bond, and it undertook to collect them without the aid of the plaintiff. There was no evidence that the fourth premium had been paid to the defendant, or to show that the defendant had been guilty of bad faith or had failed to exercise due diligence in attempting to make collection of that premium or that the premium could have been collected by the plaintiff. The plaintiff contended that the contract had been fully performed on his part and that nothing remained to be done under it but the payment of money by the defendant. The judge, subject to exceptions by the defendant, denied a motion that a verdict be ordered in its favor. There was a verdict for the plaintiff. *Held*, that

(1) The parties were limited to the issues presented by the pleadings;

(2) There was nothing in the evidence upon which a finding could have been made that upon the collection of one premium the commission upon all premiums payable in the future would become due;

(3) A finding that, when the defendant took from the plaintiff the right to collect the premiums due or to become due on the policy, it made itself liable for commissions before the premiums were paid would not have been justified;

(4) Taking the whole of the evidence in the light most favorable to the plaintiff, it was not shown that he was entitled to recover a commission on the fourth premium, there being no evidence that that premium had been paid;

(5) A contention by the plaintiff, that he should recover because prevented by the defendant from performing his part of the contract, could not be maintained;

(6) On the pleadings and the evidence, the plaintiff was not entitled to recover what his services were reasonably worth.

CONTRACT upon an account annexed, only the third and fourth items of which were in dispute. Writ dated September 4, 1925.

The items in dispute were as follows:

"3. To commission on 4th premium due July 8, 1922, on Massachusetts Bonding & Insurance Co. Bond No. C-67887 Hugh Nawn Contracting Co., principal, covering construction Gilboa Dam 11,250.00

"4. To interest on Item No. 3 from July 8, 1922, to September 4, 1925 2,129.98"

In the Superior Court, the action was tried before *Whiting*, J. Material evidence is stated in the opinion. The judge denied a motion that a verdict be ordered for the defendant. There was a verdict for the plaintiff in the sum of $15,187.50. The defendant alleged exceptions.

*J. C. Reilly*, (*J. Flood* with him,) for the defendant.

*W. Flaherty*, (*A. E. Pinanski* with him,) for the plaintiff.

SANDERSON, J. The plaintiff brings this action upon an account annexed to recover a commission, as broker, on the fourth annual premium, payable in 1922, on a bond executed by the Hugh Nawn Contracting Company, as principal, and the defendant, as surety. The bond runs to the Board of Water Supply of the City of New York, as obligee, and covers the construction of a dam.

Before 1912 the plaintiff had been an employee of the defendant, and when terminating the employment the defendant's president offered to pay him a commission of twenty-five per cent on all business, including bonding and insurance, procured by him for it. During the years 1912 to December 1919, the plaintiff procured for the defendant bonding contracts of the Hugh Nawn Contracting Com-

pany and others, and uniformly received a commission of twenty-five per cent on premiums paid therefor. He testified that the custom of surety companies, when business was written through a broker, was to charge the premium to the broker, who would send a bill for the amount due to the assured and, after making collection and deducting his commission, remit the balance to the surety company. This custom prevailed in practically every transaction from 1912 to November, 1919, between the plaintiff and the defendant, the plaintiff never being paid his commission until the premium had been paid by the assured. It was the universal custom for the broker to collect from the assured, deduct his commission and forward the balance to the surety company. In each instance before the one now under consideration where the Hugh Nawn Contracting Company was the party insured, the plaintiff collected the premiums as they became due and made remittances to the defendant, and, in doing this, acted as agent for the defendant. The plaintiff further testified that he never had a contract with the defendant relative to commissions on insurance business; that he wrote business for it in the same way he would write it for other companies, his transactions with the defendant being carried on in the ordinary course of business.

The first premium due on the bonding contract in question was charged on the books of the defendant to the plaintiff, and in July, 1919, it sent a bill to him for the amount, with other items not material to the case. The plaintiff asked for and received a separate bill for this one item. Evidence was introduced which would justify a finding that before this premium was paid by the assured the defendant had notified the plaintiff that he was relieved from any duty to collect the premiums on this bond, and that it undertook to collect them without the aid of the plaintiff. None of the annual premiums on this bond, after the first, was charged to or collected by the plaintiff. In January, 1920, the plaintiff wrote the defendant that he had been advised that the first premium had been paid, and asked for a check for his commission. This commission was paid and before the trial the plaintiff had also been paid a commission on the annual

premiums for 1920 and 1921, and there is no contention that these commissions were paid before the defendant had received the premiums for those years. The defendant's motion for a directed verdict was denied, and the jury found for the plaintiff.

In reaching that decision they had a right to take the view of the evidence most favorable to the plaintiff. *Reed* v. *Edison Electric Illuminating Co.* 225 Mass. 163, 164. *Marsal* v. *Hickey*, 225 Mass. 170, 173. *Margeson* v. *Town Taxi, Inc.*, *ante*, 192. The parties were limited to the issues presented by the pleadings. *Snowling* v. *Plummer Granite Co.* 108 Mass. 100. *Wood* v. *Sherer*, 186 Mass. 562, 563. "Under the common counts in *indebitatus assumpsit* at common law, or under a count on an account annexed under the new practice act, the plaintiff may recover either money due under a special contract which has been fully performed, or the value to the defendant of work done and materials furnished under it." Gray, C.J., in *Cullen* v. *Sears*, 112 Mass. 299, 308. *Fisher* v. *Doe*, 204 Mass. 34, 38. When work performed under a special contract is fully performed and nothing remains to be done but the payment of money, recovery may be had on a count on an account annexed. *Fish* v. *Gates*, 133 Mass. 441. But, even if the plaintiff's part of the contract has been performed, he cannot recover on such a count if payment was not due when his action was begun. *Hutchinson* v. *Plant*, 218 Mass. 148, 155. *Stuart* v. *Clark*, 259 Mass. 383, 387. The plaintiff's contention is that the contract has been fully performed on his part and that nothing remained to be done under it but the payment of money by the defendant. He could not recover, and is not seeking to recover in this form of action, damages for breach of contract. *Lowe* v. *Pimental*, 115 Mass. 44. *Bowen* v. *Proprietors of the South Building*, 137 Mass. 274. *Gillis* v. *Cobe*, 177 Mass. 584, 592. *F. W. Stock & Sons* v. *Snell*, 213 Mass. 449.

The evidence was sufficient to support a finding that the plaintiff was the efficient cause of procuring for the defendant the bond in question running for four years with annual premiums of $45,000 each. Upon the plaintiff's own testi-

mony, by which he must be bound (*Short* v. *Woodward*, 13 Gray, 86, 88), the jury would not have been warranted in finding that he was entitled to a commission as soon as he had procured a customer ready, willing, and able to enter into the bonding contract with the defendant, or as soon as the bonding contract had been executed. His understanding in making the contract with the defendant must have been that he was bound by the universal custom and the uniform practice as to collecting premiums, and receiving commissions from premiums paid, to which he testified. If he had collected the premiums in accordance with the custom he would have been entitled to a commission on a premium when collected. No evidence was offered tending to show either by reason of custom or otherwise that if the plaintiff undertook and failed to collect a premium charged to him by the insurer, he would be entitled to a commission on premiums due but uncollected. There is nothing in the testimony upon which a finding could have been made that upon the collection of one premium the commission upon all premiums payable in the future would become due. As the testimony was left, the jury could have found that the defendant had waived any right to have premiums collected by the plaintiff; but a finding that when the defendant took from the plaintiff the right to collect the premiums due or to become due on the policy it made itself liable for commissions before the premiums were paid would not have been justified. By taking the collection of premiums out of the plaintiff's hands, the defendant had deprived its agent of the right to do, or of the responsibility for, a part of the work formerly done by him. The plaintiff offered no evidence to prove that the uniform practice of requiring premiums to be collected before commissions were paid was thereby changed. Taking the whole of the plaintiff's testimony in the light most favorable to him, he has not shown that he was entitled to recover a commission on the premium due in 1922, because it did not appear that the premium for that year had been paid. The plaintiff is bound by the terms of the contract as stated by him. There seems to have been no dispute between the parties as to the custom to which the plaintiff testified, but,

if it be assumed that the custom of permitting the broker to collect premiums and deduct his commission could have been found not to be a part of this contract, *Hammond Coal Co. Inc.* v. *Lewis*, 248 Mass. 499, 501, or if it be assumed that the defendant in violation of the contract deprived the plaintiff of the right to collect premiums, still the plaintiff has not maintained the burden of proving that his commission should be paid before the premium was collected by or for the insurer.   There was no issue to be submitted to the jury on that question.

The plaintiff's contention, that he should recover because prevented by the defendant from performing his part of the contract, cannot be maintained.   Under the plaintiff's contract, upon the declaration and evidence he cannot recover what his services were reasonably worth.   He is seeking to recover a commission and interest.   In *Johnson* v. *Trinity Church Society*, 11 Allen, 123, 127, the recovery was for salary due under the contract.   Cases like *Dalton* v. *American Ammonia Co.* 236 Mass. 105, 107, are distinguishable in their facts from the case at bar.

There is nothing in the testimony to show bad faith or that the defendant failed to exercise due diligence in attempting to make collection of the premium due in 1922, or that the premium could have been collected by the plaintiff.

As the plaintiff has not proved that the premium had been paid, he cannot recover, and the defendant's motion for a directed verdict should have been allowed.

*Exceptions sustained.*
*Judgment for defendant.*