Spiegel, S. J.
This is an action of contract for the recovery of $97.50 from the defendants and was begun under a count for money had and received. The case was tried on April 12th, 1939, and, after a full hearing on the merits, the presiding justice reserved decision.
On or about April 18th, 1939, the presiding justice notified plaintiff’s attorney to file an amended declaration. The *473 plaintiff filed a motion to amend its declaration. The defendants were duly notified. At the hearing on said motion duly held on April 21st, 1939, the court allowed the plaintiff’s motion to amend the declaration, which now declares on a breach of warranty under a contract of sale. At the same time, the presiding justice ruled the case was reopened for the hearing of further evidence.
Before the hearing on the motion to amend, the defendants made six requests for rulings, of which the first is that “upon all the evidence and law, the plaintiff’s motion to amend its declaration should not be allowed. ” The remaining five requests are variously and more specifically addressed to the right of the plaintiff to amend its declaration, the power of the judge to allow amendment at the time that he did, the power of the judge to allow amendments generally, the manner of exercise of judicial discretion in this case, as well as the elements of surprise to the defendants and the difficulty of preparing a defense due to an alleged material change in the cause of action.
The presiding justice denied all of these requests, and added to his denial of the fifth and sixth requests the statement that “the Court has reopened the case to hear further evidence.”
1. Under the view we take, the report must be dismissed for jurisdictional reasons.
The right of a party to have a ruling of law reported to> the Appellate Division and the power of the Appellate Division to consider a report are not unlimited. The statute, G. L. (Ter. ed.) Ch. 231, see. 108, sets forth the limitations:
“Any party to a cause . . . aggrieved by any ruling on a matter of law by a single justice, may, as of right, have the ruling reported for determination by the Appellate Division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing *474 the same ... If a single justice is of opinion that an interlocutory finding or order made by him ought to be reviewed by the Appellate Division before any further proceedings in the trial court, he may report the case for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties ...” (Italics ours).
Although the jurisdiction of the Appellate Division is confined to questions of law raised before the case is ripe for judgment, nevertheless it has no¡ jurisdiction to determine such questions before the case is “otherwise ripe for judgment.” Kelley v. Foley, 284 Mass. 503.
There is nothing on the face of the report or in the docket entries (of which we may take judicial notice, Kolda v. National-Ben Franklin Fire Ins. Co., 290 Mass. 182) to indicate that this report was either reported before the case was ripe for judgment by consent of the trial judge, or at his instance for the purpose of securing a review of an interlocutory order made by him. This being so, the report is premature as the case was obviously not yet ripe for judgment.
It is not easy to give a definition universally applicable to “ripe for judgment.” Lynn Gas & Electric Company v. Creditors National Clearing House, Inc., 237 Mass. 505, 507. In the last cited case, the following quotation from American Woodworking Machinery Co. v. Furbush, 193 Mass. 455, 457 is cited as “sufficiently broad”: a case is therein stated to be ripe for judgment “when, under the last entry, the case seems to have been brought to a final determination and everything seems to have been done that ought to be done before the entry of a final adjudication upon the rights of the parties.”
However the definition may or should be phrased, it is clear enough that the case at bar is not ripe for judgment for the reason that there has been no finding or decision *475 which, may in any way be labelled final or dispositive of the rights of the parties.
Even if this report is properly before us, either because brought here before being ripe for judgment with the consent of the trial judge, or at his own instance, so as to raise the question of the propriety of the judge’s action in allowing the plaintiff to amend its declaration, in our opinion the report must nevertheless be dismissed.
Under the statute, G. L. (Ter. Ed.) Ch. 231, sec. 51, the trial judge is given a very broad power to amend before and after verdict, in all cases where the justice of the case requires it, including the power to allow an amendment, changing the form of the action, so as to “enable the plaintiff to sustain the action for the cause for which it was intended to be brought. ’ ’ This section has been liberally construed, Maker v. Bouthier, 242 Mass. 20, 23, so as to carry out its patent purpose to make the statement of the cause of action conform to the evidence, and thus to avoid a variance between the allegations and the proof without the necessity for a new trial, Narrangansett Amusement Company v. Riverside Park Amusement Company, 260 Mass. 265, 278. It has the salutary effect of preventing second trials for purely technical reasons, where there has been one full trial on the merits. Pizer v. Hunt, 253 Mass. 321, 331.
The power to allow amendments rests in the discretion of the trial judge, Terry v. Brightman, 133 Mass. 536, from the exercise of which no exception lies, Peladeau v. Gillespie Lumber Company, 285 Mass. 10. While the power to allow amendments is not unlimited, Brooks v. Boston etc. St. R. Co., 211 Mass. 277, it is a question of fact for the judge to determine whether the cause of action has remained the cause for which the suit “was intended to be brought.” Stuart v. Clark, 259 Mass. 383, 386. The allowance by him *476 of an amendment is conclusive of the identity of the 'cause of action, Polvere v. Hugh Nawn Contracting Company, 215 Mass. 199, and implies findings by him that the declaration as amended conforms to the proof and that issues raised thereby have been fully and fairly tried, Bucholz v. Green Brothers Company, 290 Mass. 350.
There is nothing in the record before us to< indicate an abuse of discretion, or the failure to exercise sound judicial discretion, or which otherwise discloses reasons for reviewing the action of the trial judge.
Since by its terms the statute permits amendment at anytime before final judgment, including amendment after the dose of the evidence, Chapin v. Hollister-Williston Laboratories, 251 Mass. 131, a fortiori the defendants have not been prejudiced in any rights that they may have, where, as here, the case still stands for the hearing of further evidence.
Report Dismissed.