Riley, J.
This is an action on a judgment obtained in the Superior Court for the County of Suffolk in this Common *85 wealth. The defendant’s answer consists of a general denial and an averment that the defendant was released and .discharged from all liability on account of said judgment by virtue of an agreement that was entered into between the parties and filed in said Superior Court case.
At the trial the plaintiff introduced evidence of the judgment of the Superior Court and the execution issued thereon, and testified that subsequent to the issuance of the execution no payments had been made thereon. The plaintiff thereupon rested his case. The defendant offered no evidence and rested.
The trial judge found for the plaintiff on the declaration.
The defendant claims to be aggrieved by the trial judge’s denial of two requests for rulings of law to the effect that the evidence was insufficient to warrant a finding of identity, and that mere similarity of names was not sufficient to warrant a finding that the instant defendant and the judgment debtor were one and the same person.
Identity of the defendant could have been proved as a fact by the testimony of a witness as in the case of Sanford v. Hodges, 11 Gray 485, but it apparently was not deemed necessary in the instant case. The plaintiff contends that he was entitled to rely on the defendant’s tacit admission contained in his answer, that he and the judgment debtor were one and the same person, and to consider that he as plaintiff was relieved of the burden of producing evidence to prove a fact already admitted.
The trial judge by his statement, appearing in the report, “that by the identification of the parties as described by the answer filed relative to the written stipulation referred to therein, the defendant is concluded as being the same as is concerned in the execution ’ ’, correctly ruled that the defendant’s allegation in his answer might not only be used as an admission against himself; but as a statement by *86 which he was conclusively hound. General Laws Chap. 231, sec. 87. Boston Acid Manufacturing Company v. Moring, 15 Gray, 211 at 215. Snowling v. Plummer Granite Company, 108 Mass. 100.
The case of Hinds v. Bowen, 268 Mass. 55, cited by the defendant is distinguishable on-its facts. In that case there was no evidence of identity of the defendant and no admission that the defendant was the person who drove the automobile which struck the plaintiff; or who admitted striking the plaintiff. The only evidence there was similarity of name, which the court said was- not sufficient evidence to warrant a finding of identity.
Similarity of name is not as strong as identity of name which is the situation in the present case. However, there is no need of discussing concordance of name, which is some evidence of identity (Wigmore on Evidence—3d Edition, sec. 2529) as this case' does not depend on agreement of name alone.
There is no error in the.trial judge’s disposition of the rulings of law.
Report dismissed.