HESS OIL & CHEMICAL CORPORATION *vs.* BERNARD J. RISTUCCIA & another, trustees. July 30, 1975. The defendants appeal from an order allowing the plaintiff's motion for judgment on a report of an auditor (facts final), which order replaced a like order for judgment which was vacated on the defendants' motion for rehearing. Even if we assume that the defendants' motion for rehearing was filed in time (which is not shown) to prevent this case from having gone to judgment under the provisions of former Rule 79 of the Superior Court (1954), no error is shown. The agreement is not ambiguous concerning the obligation of the defendants to pay one third of the actual cost of the fill. There was no finding of fraud or mistake, absent which the agreement is presumed to express the whole intent of the parties. *Snider* v. *Deban,* 249 Mass. 59, 61 (1924). The auditor's "findings" as to the meaning of the contract were in effect rulings of law which were properly disregarded by the judge. *Pietrazak* v. *McDermott,* 341 Mass. 107, 109 (1960). *O'Brien* v. *Dwight,* 363 Mass. 256, 282 (1973), and cases cited. *Perini Corp.* v. *Massachusetts Port Authy.* 2 Mass. App. Ct. 34, 41, n. 2 (1974). There was no error in the implied denial of the defendants' motion to recommit because it was not founded upon objections to the report. *Kass* v. *Todd,* 362 Mass. 169, 173 (1972).

*Keene* v. *Gould, ante,* 731 (1975). *Galaris* v. *Cohen, ante,* 758 (1975). The transcript of the evidence heard by the auditor is not part of the record before us. *Peabody Constr. Co. Inc.* v. *First Fed. Parking Corp. ante,* 768 (1975), and cases cited.

*Order for judgment affirmed.*

*John S. Leonard* for the defendants.
*Douglas G. Moxham* for the plaintiff.