Black, J.
This is an action in contract entered December 7,1981, in which the plaintiff, John A. Previte, Inc., seeks to recover from the defendant, Allen Bower, on two counts. The first count alleged that money was due and owing on an account annexed, and the second count that money was owed for goods sold and delivered by the plaintiff to the defendant. Damages in the amount of $3,299.62 were prayed for in each count.
The defendant’s answer was filed on December 31, 1981, and denied both counts. Affirmative defenses were also set forth alleging inter alia, that the obligations, of any, were those of the Flower Bam, Inc., and not the defendant’s. The defendant further asserted that the claim was frivolous and counter-claimed costs and fees pursuant to G.L.c. 231, § 6F.
The plaintiff moved for Summary Judgment on January 21,1982, based on the affidavits of Joseph A. Previte and Marilyn Condon. The defendant opposed the motion based upon his own affidavit and after hearing, the motion was denied.
At trial the parties stipulated to certain business records of the plaintiff and that certain invoices submitted by the plaintiff were made out in the names of “A1 Bower”, “Bower”, or “Bower’s” and signed “A1 Bower” in the total amount of $3,299.62. All amounts ever paid to the plaintiff for money owed on invoices made out in the name of the defendant were paid for by the Flower Bam, Inc., and the plaintiffs monthly statements were made out to the Flower Bam, Inc., and were sent to the address where the Flower Bam, Inc. was located. The parties also stipulated that at all times relevant to this action a business certificate was on record with the Canton Town Clerk for the Flower Bam, Inc. doing business as “Bower’s Flower and Craft Bam”.
The court, at trial, found that there was insufficient evidence to support any oral agreement by the defendant to the plaintiff to pay the invoices or to be personally responsible for the money owed by the Flower Bam, Inc.
At the close of the trial and before final arguments, the plaintiff submitted the following Requests for Rulings, with the trial judge’s action thereon as indicated:
1. The parol evidence rule precludes the introduction of extrinsic evidence (oral or otherwise) which alters or contradicts the unambiguous terms. Ward v. Grant, 1980 Mass. App. Ct. Adv. Sh. (1980) 489, 493, 401 N.E.2d 160 (1980); Kerwin v. Donaghy, 317 Mass. 559, 567-568, 59 N.E.2d 299, 304 (1945); Cf. M.G.L., c. 106, § 2-202.
Allowed.
*243 2. The construction of an unambigious document is a question of law to be determined by the court. Daley v. J.F. White Contracting Co., 347 Mass. 285, 197 N.E.2d 699 (1964).
AÜowed.
3. An ambiguity must exist within the “four comers” of a writing before extrinsic evidence will be allowed to explain the terms of a writing. Hess Oil and Chemical Corp. v. Ristuccia, 3 Mass. App. Ct. 772, 331 N.E.2d 823 (1975).
Allowed
4. An agent who contracts in his own name cannot, to escape liability, show that he intended to bind his principal and not himself. The agent cannot prove by parol that he acted as agent. Brigham v. Herrick, 173 Mass. 460, 53 N.E.906 (1899); Ward v. Grant, Mass. App. Ct. Adv. Sh. (1980) 489, 493, 401 N.E.2d 160 (1980); Stackpole v. Arnold, 11 Mass. 27.
Allowed.
5. Even if admitted at trial, evidence introduced to vary the terms of an unambiguous writing would have to be disregarded as the parol evidence rule is a rule of substantive law, that is, a rale of relevance, and thus renders such evidence incompetent. Scirpo v. McMillan, 355 Mass. 657, 247 N.E.2d 388 (1969).
Allowed.
6. A business certificate filed pursuant to the provisions of M.G.L., c. 110, § 5 does not establish liability, nor does it establish that the persons filing the certificate are the responsible debtors. Shane v. Goldstein, 25 Mass. App. Dec. 5. See also Crompton v. Williams, 216 Mass. 184, 103 N.E.298.
Allowed.
7. Suit will lie upon an account annexed where the contract has been fully performed by the plaintiff and nothing remains to be done by the defendant but pay the price. Egan v. Massachusetts Bonding and Insurance Co., 266 Mass. 270, 165 N.E.386 (1929).
Allowed.
8. Each sale of goods received by the defendant but not paid for is a balance due on the account of said defendant. Egan v. Massachusetts Bonding and Insurance Co., 266 Mass. 270, 165 N.E.386 (1929); Fish v. Gates, 133 Mass. 441 (1882).
Allowed.
9. The business entries of the plaintiff, as described by the plaintiffs witness, are sufficient to establish the debt owed by the defendant M.G.L. c. 233, § 78.
Denied - As the Court specifically finds said invoices insufficient to estabish said debt.
10. As a matter of law, the invoices of the plaintiff made out in the name of the defendant are sufficient to establish the debt owed to the plaintiff by the defendant. M.G.L. c. 233, § 78.
Denied — as the Court specifically finds said invoices insufficient to establish said debt.
11. As a matter of law, a finding for the plaintiff is required because the defendant signed for the goods sold and delivered in his individual capacity.
Denied - as the Court finds no sufficient evidence to support indi *244 vidual liability.
12. As a matter oflaw, a finding for the plaintiff is required because the defendant signed for goods contracted in his own name.
Denied - Court does not find that the defendant signed for goods contracted in his own name.
13. The evidence warrants a finding for the plaintiff.
Allowed.
14. The evidence is insufficient to warrant a finding for the defendant.
Denied - The Court finds in fact for the defendant.
The plaintiff claims to be aggrieved by denial of its Motion for Summary Judgment and denial of its Request for Rulings 9-12 and 14.
The plaintiffs appeal in this case is clearly predicated upon an erroneous postulation of the applicable law, namely that the invoices signed by the defendant are, as a matter of law, contracts for the purchase of the goods described therein. It is the law of the Commonwealth, and appears to be the rule ordinarily followed elsewhere, that generally an “invoice” is not considered a complete and exclusive statement of the terms of the agreement. It is merely a statement of the nature, quantity, and cost or price of the things involved [Eastman v. Cristy Chemical Corp., 28 Mass. App. Dec. 27, 33 (1964); Tannenbaum Textile Co., Inc. v. Schlanger, 287 N.Y. 400, 404 (1942); 48A C.J.S. 221)].
Therefore, whether the parties intended these particular invoices involved to be something more, namely a contract for the sale of the goods described therein, because of the signatures thereon, was a factual determination to be ascertained from the totality of the circumstances [Deshon v. Merchants’ Ins. Co., 52 Mass. (11 Met.) 199, 205, 206 (1846); Welch v. Bombardieri, 252 Mass. 84, 87 (1925)]. While it is well established that parol evidence is inadmissible to contradict or vary the terms of a written contract [Jennings v. Puffer, 203 Mass. 534, 537 (1909)], before that rule becomes operative, the court must be sure that it has before it a written contract intended by the parties as a statement of their complete agreement [New England Factors, Inc. v. Genstil, 322 Mass. 36, 40 (1947); Kelly v. Arnold, 326 Mass. 611 (1950); Carlo Bianchi & Co. v. Builders Equipment & Supplies Co., 347 Mass. 636 (1964)].
Thus, it was entirely proper for the court to consider other invoices and bills executed between the parties related to this and prior transactions, all of which tended to show that the defendant signed only in a representative capacity and that tl\e invoices were not intended to be a complete and final expression of their agreement.
Parenthetically, we might add that since the defendant at all times appears to have acted for a disclosed principal and his acts seem to have been within the scope of his authority, there appears to be no question about his personal liability on agency principles [Cass v. Lord, 236 Mass. 430 (1920); Cf. Norfolk County Trust Co. v. Vichinsky, 5 Mass. App. Ct. 768 (1977); U.S. Gypsum Co. v. Carney, 293 Mass. 581 (1936)].
In conclusion, whether the invoices in this case were intended by the parties to be contracts for the goods described therein was a factual determination to be made by the trial judge based upon a totality of the circumstances. Accordingly, the plaintiffs Motion for Summary Judgment and Requests for Rulings 9-12 and 14 were properly denied.
There being no error, the report is dismissed.