TRI-CITY CONCRETE CO., INC. *vs.* A. L. A. CONSTRUCTION CO.

Bristol.   November 10, 1961. — January 3, 1962.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Contract,* What constitutes, Construction, Modification.

Following the making of a written contract of sale of concrete providing
that the concrete should be delivered as ordered by the purchaser and
that each order would "be supplemented with a sales memo to accom-
pany . . . delivery which will confirm . . . [the] order . . . and which
will be acknowledged by . . . [the purchaser's] representative on job,"
such a "sales memo" containing a provision purporting to impose on
the purchaser responsibility for damage to the seller's truck while on
private property was not a part of the contract, was not a modification
thereof where it was unsupported by consideration and was signed only
by an employee of the purchaser having no authority to modify the
contract, and was not binding on the purchaser.

CONTRACT AND TORT.   Writ in the First District Court of
Bristol dated January 16, 1958.

The action was heard by *Welch,* J.

*Allan M. Yoffa & Leonard N. Augello,* for the plaintiff,
submitted a brief.

*Thomas F. McGuire,* for the defendant.

SPIEGEL, J.   This is an action in two counts to recover
for damage to the plaintiff's truck and cement mixer.
Count 1 is in tort for negligence and count 2 is in contract
for "loss of use, and depreciation and other damages."
The action was tried in the District Court and the judge
found for the defendant on the tort count and for the plain-
tiff on the contract count.   The case then went to the
Appellate Division on a report in which the defendant
claimed to be aggrieved by the refusal to grant certain of
its requests for rulings, the allowance of certain of the
plaintiff's requests for rulings, and the admission of cer-
tain evidence.   From the order of the Appellate Division

directing entry of judgment for the defendant, the plaintiff appeals.

At the trial there was evidence that the plaintiff, by letter dated April 27, 1956, outlined a proposal whereby the plaintiff would supply concrete to the defendant in connection with certain construction at Otis Air Force Base, Falmouth, Massachusetts. The letter provided that "Concrete is to be delivered as required. Your order covering your requirements on any given day is to reach us before the close of business on the day prior. Telephone orders are the usual practice and will be accepted. These will be supplemented with a sales memo to accompany the first delivery which will confirm your order as we understand it and which will be acknowledged by your representative on job."

Thereafter the defendant ordered concrete which the plaintiff delivered to the site of the construction. The first truckload of each day was accompanied by a "sales memo" which contained the following provisions: "Terms and conditions Delivery is to be made at a point on a traveled way nearest the job site. In the event the purchaser requires the truck to pass over private property, it is agreed that the purchaser will be solely responsible for any damage to the property or to the truck. . . . The purchaser by his signature acknowledges that he has read this sales memo in its entirety — that he is familiar with and accepts all of the terms and conditions thereof." The parties had never discussed the contents of the "sales memo" and the person in charge of the defendant's "paper work" had never seen a "sales memo." There was no consideration moving from either party for the terms included in the "sales memo."

On October 4, 1956, one of the plaintiff's trucks "tipped and fell" into an excavation while unloading concrete at the job site which was located on government property. The "sales memo" for that day's deliveries, No. B 2901, was signed by one Mottas, a laborer employed by the defendant. Neither Mottas nor his supervisor, the defendant's construction foreman, had authority to enter into contracts or vary contracts that the defendant had made.

The judge granted, among others, the following ruling requested by the plaintiff: "3. The contract contained in Plaintiff's Sales Memo No. B 2901 is binding between the parties and is not illegal or against public policy. . . ."

Certain of the defendant's requests for rulings which were denied by the judge related to the lack of authority on the part of Mottas and the construction foreman to vary the terms of the contract and to the absence of consideration to support a variance. Other requests for rulings made by the defendant and denied by the judge were to the effect that the letter of April 27, 1956, constituted the entire contract and did not fix responsibility solely on the defendant for damage to the truck and that the purpose of the "sales memo" was to confirm the defendant's order and not to modify the terms of the contract.

The Appellate Division decided that the judge's refusal to rule that the "sales memo" had no effect upon the agreement of the parties and did not obligate the defendant for damage to the plaintiff's equipment was error.

The meaning of a contract, ". . . what promises it makes, what duties or obligation it imposes, is a question of law for the court." *Smith* v. *Faulkner,* 12 Gray, 251, 255. *Atwood* v. *Boston,* 310 Mass. 70, 75. *Tritsch* v. *Ayer Tanning Co. Inc.* 316 Mass. 598, 603. It is within the authority of the Appellate Division to review such question. G. L. c. 231, §§ 110, 124.

The letter of April 27, 1956, does not mention the terms contained in the "sales memo." It provides merely that a "sales memo" would supplement and confirm the defendant's order. This cannot be construed as an incorporation of the terms of the "sales memo" as part of the original contract.

Nor could it be found that the "sales memo" constituted a modification of the original contract. Such modification must be supported by a valid consideration. *Torrey* v. *Adams,* 254 Mass. 22, 28. *Berman* v. *Geller,* 325 Mass. 377, 380. There is no evidence of the existence of such consideration in the instant case. Furthermore, there was insuf-

ficient evidence to warrant a finding that Mottas or the construction foreman had authority, actual or apparent, to vary the defendant's contract. See *Lord* v. *Lowell Inst. for Sav.* 304 Mass. 212, 213–214; *Braden* v. *Trustees of Phillips Academy*, 321 Mass. 53, 55–56.

There was no error in the order of the Appellate Division directing judgment for the defendant.

*Order of Appellate Division affirmed.*