ROBERT L. DALEY & another *vs.* J. F. WHITE
CONTRACTING COMPANY.

Norfolk.  February 5, 1964. — April 8, 1964.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Damages,* For breach of contract, Penalty.  *Sale,* Contract of sale.  *Contract,* Construction.  *Law or Fact.*

The construction of an unambiguous written contract is a question of law.
   [288]
In a contract whereby an owner of land agreed to sell and a contractor
   agreed to purchase a stated quantity of "fill material" for a specified
   price and the contractor for twenty months was to have the exclusive
   right to remove the material from the land and to install and store
   equipment thereon for that purpose, a provision that if the contractor
   should not have removed the designated quantity of material at the
   expiration of the twenty months he should "then pay for" the desig-
   nated quantity and "be allowed an extra month to remove" did not con-
   stitute a penalty and was enforceable by the landowner and, even though
   only about one half of the designated quantity was ever removed by
   the contractor, entitled the landowner to recover from the contractor an
   unpaid balance of the full contract price less a certain amount received
   by the landowner for some of the material sold to a third person.
   [288–289]

CONTRACT.  Writ in the Superior Court dated July 1,
1959.

The action was heard by *Forte,* J., on an auditor's report.

*George W. McLaughlin* for the defendant.

*Gregory Sullivan* for the plaintiffs.

SPIEGEL, J.  This is an action of contract by the owners
of adjoining parcels of land in Randolph to recover dam-
ages for an alleged breach of a written contract for the sale
of 100,000 yards of "[b]orrow and other fill material."
The case was referred to an auditor, who filed a report.
Thereafter the case was tried before a judge of the Superior
Court, without jury, "upon the auditor's report."  The de-
fendant filed "requests for rulings" which are set forth in

the margin.[1]   The judge made a "finding" for the plaintiffs in the sum of $10,031.10 with interest from December 16, 1958.   The case is here on the defendant's exceptions to the "finding" and to the "implied denial of its requests for rulings."

We summarize the "finding" of the Superior Court judge.   On March 18, 1957, the plaintiffs and the defendant entered into "a contract for the sale of 100,000 yards of 'Borrow and other fill material' which the defendant agreed to purchase and remove from the plaintiffs' land.   The defendant was also to 'bury all stumps and loose boulders' and to 'respread the loam'; the auditor has found that [at the expiration of the contract twenty months after the date of execution] the defendant failed to perform this part of the contract and assessed damages in the sum of $3,000. . . . The auditor found that the defendant removed 39,706 cubic yards of material and permitted one Will to remove 5,730 cubic yards . . . a total of 45,436 cubic yards, all of which

---

[1] "1.   There being no evidence to contradict the findings of fact, both subsidiary and ultimate, of the auditor, the same should be confirmed.

"2.   The auditor's finding of fact, insofar as it is a question of fact, that the contract was an executory agreement for the sale of personal property to take effect upon the removal of the borrow and other fill from the land, is uncontradicted, based on sufficient subsidiary facts, and should be confirmed.

"3.   The clause inserted in the contract by mutual agreement of the parties at the time of execution requiring the defendant to pay for unexcavated (and unremoved) yardage in full is a provision for a penalty and not a liquidated damage clause.

"4.   Whether the contract provision in question provides for a penalty or liquidated damages is a question of construction of the agreement, which in turn depends upon the intent of the parties.

"5.   The intent of the parties is a question of fact and in this case, it has been determined by the auditor, the parties intended to be governed by the rules of law ordinarily applicable to such contracts at the time of this agreement, that is, G. L. c. 106, § 53.

"6.   Where the sum arrived at under a clause in a contract is not designated as liquidated damages and is in excess of the actual damages which are and were easily susceptible of computation and not uncertain, then the clause provides a penalty and is void.
        Makletzova v. Diaghileff, 227 Mass. 100 (1917)

"7.   Where the sum of money arrived at as damages under a requested interpretation of a contract clause produces a result that is out of proportion to and differing greatly from the actual damages ordinarily arising from the breach then the requested interpretation produces a penalty and will not be followed.
        A–Z Servicenter v. Segall, 334 Mass. 672 (1956)"

has been paid for. The defendant failed to remove 54,564 cubic yards within the 20 months prescribed by the contract. The plaintiffs sold to one Lemieux $1,138 of material. . . .

"According to the auditor's findings the defendant [at the time the agreement was made] was desirous of securing available 'fill' close to work being performed by it and for another contract upon which it was bidding. In other words, the defendant entered into the contract not only for the purpose of securing necessary 'fill' for . . . [an existing] contract . . . but also for the purpose of protecting itself in connection with its bid on another job . . . . The defendant was not successful in obtaining the second contract. The defendant acquired something more than the purchase of a certain quantity of fill. Under the contract it received an exclusive privilege of taking and carrying away the material from the plaintiffs' land; that is, the plaintiff seller [Daley] during the twenty months of the life of the contract was prohibited from disposing of the material . . . except for their, the plaintiffs', own projects. . . .

"The contract price was $15,000.00. The defendant has paid the plaintiffs $6,955.90, leaving a balance of $8,044.10. From this latter amount is to be deducted the sum of $1,138 for material sold to one Lemieux by the plaintiffs. To the balance of $6,906.10 is to be added $3,000 for the removal of stumps and [the] respreading of loam. There is also to be added $125 premiums on a bond which the contract required the defendant to furnish but which was paid for by the plaintiffs. The total claimed by the plaintiffs is, therefore, $10,031.10."

The defendant contends that the agreement was for the purchase and removal of personal property and, therefore, subject to the provisions of G. L. c. 106[2] (the Uniform Sales Act), "particularly to sections 52 and 53," the sections dealing with damages. We need not decide whether the Uni-

---

[2] Prior to the effective date of St. 1957, c. 765, § 1, the Uniform Sales Act was in force in Massachusetts. See St. 1908, c. 237. In this opinion all references to G. L. c. 106 or any parts thereof are references to the Uniform Sales Act.

form Sales Act is generally applicable to the present agreement. It is clear that if it is applicable, under G. L. c. 106, § 60,[3] the parties had a right to agree to a computation of damages different from that stated in the statute, provided that the result was not a penalty. *D'Orsay Equip. Co. Inc. v. United States Rubber Co.* 199 F. Supp. 427, 431–432. See *Rose-Derry Corp.* v. *Proctor & Schwartz, Inc.* 288 Mass. 332, 336–339.

The defendant argues that "[e]ven if the Uniform Sales Act does not apply, the measure of damages is the difference between the contract price and the fair value of the consideration flowing to the plaintiff." The contract contains the following provisions: "In the event that . . . [the defendant] has not removed 100,000 yards, he shall then pay for said amount . . . and be allowed an extra month to remove after the expiration of the agreement." The defendant states that this provision of the contract is free from ambiguity, and we agree that this is so. The defendant contends, however, that "where no ambiguity exists," the interpretation of a contract is "a question of fact." This contention is erroneous; in this Commonwealth "the construction of an unambiguous written contract . . . [is] a pure question of law." *Taylor* v. *Gowetz,* 339 Mass. 294, 300. *Fowle* v. *Bigelow,* 10 Mass. 379, 384. *Casavant* v. *Sherman,* 213 Mass. 23, 27. *Waldstein* v. *Dooskin,* 220 Mass. 232. *Harvard Trust Co.* v. *Cambridge,* 270 Mass. 403, 407. *Tri-City Concrete Co. Inc.* v. *A. L. A. Constr. Co.* 343 Mass. 425, 427.

In the instant case the plaintiffs' loss was not merely the difference between the contract and the market prices of the borrow and the fill. The plaintiffs gave up a valuable right to sell their fill to anyone else for a period of twenty months; they permitted the defendant to conduct removal operations upon their land and to install and store equipment thereon for that purpose. In these circumstances,

---

[3] "If any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom is such as to bind both parties to the contract or sale."

contrary to the defendant's contention, the provision for damages was not a penalty, and there is no reason for denying enforcement. *Edward G. Acker, Inc.* v. *Rittenberg,* 255 Mass. 599, 603. *Atlantic Ref. Co.* v. *Barnard,* 264 Mass. 560, 563–564. *International Paper Co.* v. *Priscilla Co.* 281 Mass. 22, 37. In determining the amount of damages, the judge of the Superior Court rightly took into consideration the amounts already paid by the defendant and the amount received from Lemieux. See *International Paper Co.* v. *Priscilla Co., supra,* 38–39. The plaintiffs were also entitled to damages because of the defendant's failure to respread the loam, bury the loose boulders and stumps, and pay the premiums on the bond.

We believe that the foregoing discussion covers the issues raised by the defendant's requests for rulings and obviates the need for treating with them.

*Exceptions overruled.*