### Western District
## LIONEL A. DESCHENES
### v.
## JOHN VIDUNAS

Argued: June 30, 1964—Decided: August 10, 1964

*Present*: Garvey, P. J., Moore, J., Levine, J. & Allen, J.

Case tried to *Barnes, J.* in the Central District Court of Worcester. No. 130292—62.

*Allen, J.* This is an action of contract in two counts. In count one the plaintiff seeks to recover $950.00 for money had and received, and in count two, one-half of the partnership profits accumulated between *January* 1, 1960 and *April* 7, 1960. Both counts are for the same cause of action. The defendant's answer is a general denial and payment.

After a trial there was a finding for the plaintiff on each count in the amount of $751.46. The defendant, claiming to be aggrieved by the denial of certain of his requests for rulings of law requested this report.

The trial justice's special findings, justified by the reported evidence, we summarize:

The plaintiff and defendant were equal partners in the operation of the "Village Garage." The partnership was formed on or

about June 5, 1949 and was dissolved on *April* 7, 1960, when the partners entered into a written agreement entitled "Dissolution of Partnership by Sale of Co-partnership Interest" which provided in its important parts:

"That all the assets of any kind or nature, all outstanding accounts, office furniture and fixtures, etc., and the good will of said business shall be the property of the said John Vidunas for his own use and behoof forever;

"That the said John Vidunas agrees to assume and to pay all liabilities of said co-partnership and further agrees to save the said Lionel A. Deschenes harmless against any liabilities, including costs and reasonable attorney's fees in the defense and or trial of any action that may be brought against him arising out of the co-partnership business and for and in consideration all interest in said co-partnership business and for and in consideration of all interest in said co-partnership here-to-fore owned by the said Lionel A. Deschenes (plaintiff), the said John Vidunas (defendant) hereby agrees to pay the said Lionel A. Deschenes the sum of $1,450.00 upon the execution of this agreement."

The judge found the $1,450.00 was paid by the defendant to the plaintiff. That from the period from *January* 1, 1960 to *April* 7, 1960 the partnership had net income of $3,812.93 and "that the plaintiff's drawings *are* $751.46 less than his share of the net profits." In the preparation of the dissolution agreement neither party considered profits

and neither party knew whether the plaintiff was overdrawn or underdrawn. He ruled "That the earned net profits are the property of the individuals upon dissolution" and the words "assets of any kind or nature—of said business" and the words "all interests in said co-partnership" mean the tangible property of the partnership plus the good will.

As we are of opinion that the written agreement of dissolution transferred to the defendant all of the plaintiff's interest in the partnership *including accumulated profits* we hold the trial judge was in error in these rulings.

"The meaning of a contract . . . is a question of law for the court." . . . . "It is within the authority of the Appellate Division to review such question." *Tri-City Concrete Co., Inc. v. A. L. A. Construction Co.,* 343 Mass. 425, 427; *Hill v. Submarine Signal Co.,* 325 Mass. 546, 549; *Tuttle v. Metz Co.,* 229 Mass. 272; *Daley v. J. F. White Contracting Co.,* 347 Mass. 285. Where a writing sets forth on its face a complete contract it is assumed to contain the entire agreement relating to the subject matter. *Berman v. Geller,* 325 Mass. 377, 379, 380. "When . . . the words are plain and free from ambiguity they must be construed in their usual and ordinary sense." *Sherman v. Employers' Lia. Ins. Co.,* 343 Mass. 354, 356; *Ober v. Nat. Cas. Co.,* 318 Mass. 27. "Where the contract is in writing, there is no fixed and unyielding rule for disposing of contentions touching its

meaning except the general one that the intention of the parties drawn from the entire instrument is to be ascertained and applied to the adjustment of the dispute. It is wholly a matter of construction and each contract is to be interpreted according to its own tenor. Resort may be had to certain presumption or to the circumstances as aids in cases of doubt, but every other rule yields to the purpose of the parties as disclosed by the words used and by the nature of the understanding disclosed by the instrument. The ultimate and final rule of law in all cases is to discover that purpose." *Lovell v. Commonwealth Thread Co., Inc.,* 272 Mass. 138, 140, 141; *Waldo Bros. Co. v. Platt Contracting Co., Inc.,* 305 Mass. 349.

Applying the above rules it appears to us that the plaintiff, by the instrument he executed, intended to transfer to the defendant all of his interest in the partnership including profits. The use of the words "all the assets of any kind or nature, all outstanding accounts, office furniture, and fixtures, etc. and the good will," and also "to pay all liabilities of said co-partnership . . . to save (the plaintiff) harmless against all liabilities" indicate an all inclusive intent.

The finding for the plaintiff is to be vacated and a finding entered for the defendant.

Harry Zarrow, of Worcester, for the Plaintiff.

Herman J. Dumas, of Worcester, for the Defendant.