SULLIVAN BROS. CLOTHING INC. *vs.* NORTH DARTMOUTH JOINT VENTURE & another. August 22, 1975. The plaintiff, a tenant in a shopping center, brought this action against its lessor (North Dartmouth Joint Venture) and Martin's Clothes Shop, Inc. (Martin), also a tenant, to enjoin the alleged violation by Martin of a restrictive covenant in the plaintiff's lease, which reads in material part: "[The lessor] agrees ... [lessor] will not rent space in the shopping center for use solely as a men's specialty shop specializing in high quality clothes of the same quality as tenant is specializing in at the time of execution of this lease." Assuming without deciding that this covenant is enforceable against one (such as Martin) not a party to that lease (cf. *R. M. Sedrose, Inc.* v. *Mazmanian,* 326 Mass. 578, 581 [1950]), we are nevertheless of the opinion that the findings of the master do not warrant a conclusion that Martin's business is in violation of the covenant. To the extent practicable the covenant must .be interpreted in such a way as to give meaning to each of the words used therein (*Edmund Wright Ginsberg Corp.* v. *C. D. Kepner Leather Co.* 317 Mass. 581, 587 [1945]) and to treat no part of its language as "useless or inexplicable" (*Sherman* v. *Employers' Liab. Assur. Corp. Ltd.* 343 Mass. 354, 357 [1961]; *Employers' Commercial Union Ins. Co.* v. *Commissioner of Ins.* 362 Mass. 34, 40 [1972]). So interpreted, the covenant does not apply to all men's specialty shops operated in the shopping center in competition with that of the plaintiff (compare *R. M. Sedrose, Inc.* v. *Mazmanian, supra,* at 582), but only to such shops "specializing in high quality clothes of the same quality as ... [the plaintiff] is specializing in at the time of execution of this lease." Compare *Robert Indus. Inc.* v. *Spence,* 362 Mass. 751 (1973). Contrast *Sheff* v. *Candy Box Inc.* 274 Mass. 402, 404, 405-406 (1931); *Parker* v. *Levin,* 285 Mass. 125, 126-127 (1934). The negotiations engaged in by the parties before the execution of the lease, which appears to be an integration of their complete understanding, may not be resorted to for the purpose of broadening or otherwise varying the scope of the covenant. *Robert Indus. Inc.* v. *Spence, supra,* at 756. While the master found that some of the clothes carried by Martin's shop were of the same quality as some of those carried by the plaintiff, he made no finding that any such clothes were of "high" quality, and, assuming that "accessories" were within the scope of the covenant, the master's finding that all those sold by Martin were "of the same quality" as those sold by the plaintiff does not warrant the inference that any or all of them were of "high" quality. Nor was there any finding as to what type or quality of clothes either Martin or the plaintiff was "specializing in" or what, if any, similarity existed between the two shops in that regard. While the word "specializing" may sometimes mean engaging in an activity to the exclusion of everything else (see Webster's Third New Intl. Dic-

tionary, p. 2186 [1971]), the fact that the plaintiff carried merchandise which, by the admission of its own president, was not of a type covered by the covenant belies any such interpretation of the word "specializing." The decree is reversed. A judgment is to enter dismissing the bill and, pursuant to Martin's counterclaim, declaring that Martin's use of its premises is not in violation of the plaintiff's restrictive covenant. No damages or other relief against North Dartmouth Joint Venture is to be granted to Martin as there has been no showing of any violation by North Dartmouth Joint Venture of any duty owed to Martin under the leases or otherwise.

*So ordered.*

*David A. McLaughlin* for Martin's Clothes Shop, Inc.
*William E. White* for North Dartmouth Joint Venture.
*Joseph P. Harrington* for the plaintiff.