ROBINSON LEECH, SR., & another *vs.* THEODORE M. EBERS & another, trustees. December 18, 1981. This is an action in contract in which the plaintiffs seek to recover a brokerage commission allegedly due from the defendants for services rendered in providing a purchaser for the defendants' real estate. The listing agreement provided that "if [the brokers] procure a customer, ready, willing, and able to buy said property at a

[specified] sale price, or at a price or terms accepted by [the sellers], [the sellers] will pay [the brokers] a commission of 6% of the gross sale price at time of closing." The plaintiffs claimed that they had procured a buyer who was ready, willing and able to purchase the property on terms which were accepted by the defendants, but that the defendants thereafter wrongfully repudiated the agreement and sold the property to a third party. The jury returned a verdict for the plaintiffs. The defendants have appealed, claiming that the judge's refusal to charge the jury in accordance with three of their requested jury instructions constituted error. We affirm the judgment.

The defendants' first two requests sought an instuction that the quoted language in the listing agreement made consummation of a sale a condition precedent to the brokers' having earned their commission. See *Tristram's Landing, Inc.* v. *Wait,* 367 Mass. 622, 626-627 (1975); *Creed* v. *Apog,* 6 Mass. App. Ct. 365, 372 (1978), *S.C.* 377 Mass. 522 (1979). The judge correctly determined that the language pertaining to the commission was reasonably specific, that it did not require or admit of extrinsic explanation (see *Robert Indus., Inc.* v. *Spence,* 362 Mass. 751, 754 [1973]; *Sullivan Bros. Clothing, Inc.* v. *North Dartmouth Joint Venture,* 3 Mass. App. Ct. 778 [1975]; *Blake Bros.* v. *Roche, ante* 556, 560 [1981]), and that its proper interpretation was a matter of law for the court. See *Tri-City Concrete Co.* v. *A.L.A. Constr. Co.,* 343 Mass. 425, 427 (1962), and cases cited; *Daley* v. *J.F. White Contr. Co.,* 347 Mass. 285, 288 (1964). He ruled that the language did not clearly and unambiguously condition the owners' responsibility for a commission on the completion of a sale (contrast *Tristram's Landing, Inc.* v. *Wait, supra* at 625-627; *Creed* v. *Apog, supra* at 371-372), and that the meaning and effect of the language were governed by those cases which have held that similar provisions establish a time for payment of the commission, not a condition precedent to liability. See *Gaynor* v. *Laverdure,* 362 Mass. 828, 836 (1973), and cases cited. Both rulings were sound and required the denial of the defendant's requested instructions which contended otherwise.

The third instruction requested by the defendants pertained to the scope of the plaintiffs' authority. There was a great deal of conflicting evidence at trial on that issue and on the issue whether the defendants had, in fact, accepted the buyer procured by the plaintiffs. A judge is not required to frame his instructions in the form requested by counsel so long as the charge is correct and complete in its essentials. *Commonwealth* v. *Martorano,* 355 Mass. 790 (1969). Our examination of the charge as a whole satisfies us that the judge provided the jury with clear, adequate, and complete instructions on the issues presented by the evidence in accordance with the applicable principles set forth in the *Tristram's Landing* case, *supra* at 629. See *Horowitz* v. *Bokron,* 337 Mass. 739, 746

(1958), and cases cited. As a result, the denial of the instruction now challenged did not constitute error.

*Judgment affirmed.*

*William A. Murray, III,* for the defendants.
*Peter Q. Montori,* for the plaintiffs.

