Dolan, PJ.
The trial court determined that a provision in a separation agreement obligating a former wife to make a deferred payment to her former husband survived the death of the former husband. The court also determined that her former husband’s estate was not responsible for child support payments after his death. We rule that the trial court was in error in denying one of the former wife’s requests for rulings of law. Having found error and being unable to determine that it is harmless, we need not consider defendant’s other requests for rulings of law. Accordingly, we vacate the judgments and remand for a new trial.[2]
In 1967, defendant and her former husband entered into a separation agreement. *4 It provided, among other things, that defendant would pay certain sums to her former husband in the event her house was sold. She sold the house in 1984 at a price that would obligate her to pay $12,500 under the terms of the agreement. The agreement also required that the former husband pay defendant $10,400 per year for her support and for the support of theirfive minor children. In the event defendant remarried, the former husband was to pay $5000 peryearforthe support of the minorchildren during the minority of each child and until emancipation. As each child reached majority or was emancipated the weekly payments were to be reduced one-fifth. The separation agreement made no provision for the termination of child support payments in the event of the former husband’s death.
The former husband paid the appropriate support until his death. However, no payments were made by his estate after his death. Sometime prior to her former husband’s death, in 1970, defendant remarried. Five months after the former husband’s death, defendant’s then husband adopted all five of defendant’s children.
In 1984, after the sale of her house, this action was brought in the Superior Court Department by the trustee under the will of the former husband who had acquired rights to the sale proceeds by assignment or transfer. The case was remanded to the District Court Department in 1987. After trial, judgment was entered for the plaintiff in the amount of $12,500 and against the defendant on her counterclaim for child support. Defendant timely filed 13 requests for rulings of law, all of which were denied. The trial judge made no findings of fact.
Defendant’s requests for rulings of law were primarily directed to her right to receive support payments after the death of herformer husband, and to the legal effect that the lack of support payments to her had on her obligation to her former husband. One of her requests was "The obligation of Morris Cohn to provide to Faire Goldstein money for child support payments ‘until emancipation’ which ‘continue during minority’ survived his death in accord with the Agreement of January 10, 1967. Taylor v. Gowetz, 339 Mass. 294 (1959); Kowal v. Sportswear, 351 Mass. 541 (1967); Bartholomew v. Waldorf, 291 Mass. 357 (1935); Surabian v. Surabian, 362 Mass. 342 (1972) and Traub v. Bank of Detroit, 354 Mich. 263 (1958).” It was error to deny this request.
In a similar case, it was held that a provision in a separation agreement requiring a husband to make support payments survived his death because no intention to terminate the payments upon his death was clearly implied in the agreement. Taylor v. Gowetz, 339 Mass. 294, 299 (1959). It was also held that the construction of that unambiguous written contract was a pure question of law, so that a reviewing court would be in the same position as the trial court in interpreting the agreement. Id. at 300.
We have reviewed the separation agreement, determined it to be unambiguous, and do not find in it a clearly implied intent to terminate support payments upon the death of the husband. Accordingly, we rule that it was error for the trial court to deny this request for a ruling of law.
While there may be other circumstances that would preclude a finding for the defendant on her counterclaim, we are unable to consider those circumstances because of a lack of subsidiary findings. We are unable to determine the effect of this error of law on the judgment. The judgment for the plaintiff on his claim and the judgment against the defendant on her counterclaim are vacated. The case is remanded to the trial court for a new trial.
So ordered.

 Plaintiff alleges thatthe matter is improperly before this division for the reason thatthe trial judge did not take final action upon the draft report within three months of its filing. We allow additional time for the reason that it was plaintiff who asked that a hearing on the report be continued to accommodate his schedule. Dist/Mun. Cts. R. Civ. P., Rule 64 (e) (5). Brown v. Quinn, 27 Mass. App. Ct. 288, 291 (1989).