Fremont-Smith, J.
The issue in this case is whether the defendant employer properly exercised its option, under the plaintiffs Stock Purchase Agreement, to repurchase, within one year of plaintiffs termination, the shares which the plaintiff had elected to purchase for a nominal price during the period of her employment. For the reasons stated below, defendant’s motion for summary judgment is denied, and plaintiffs cross-motion for summary judgment is allowed.
UNDISPUTED FACTS
On January 29, 1990, Jacqueline Bullock (“Bullock”) commenced employment at IG Laboratories (“IG”). On March 6, 1990, Bullock entered into a restricted Stock Purchase Agreement (the “Agreement”) whereby she purchased 7,500 shares of non-vested Common Stock ata purchase price of $0.05 per share. The Agreement further provided that IG had the right “to purchase” the shares at the same price should the employment terminate.
Paragraph 4(c) of the Agreement further provided:
Upon notice from the Company of exercise of its rights hereunder, the undersigned shall transfer the Shares or appropriate part thereof to the company against payment by the Company of the purchase price as specified above. If the Company shall fail to exercise its rights under this paragraph 4 at any time during a period of one (1) year after the date of termination . . . the repurchase rights with respect to the shares imposed by this paragraph 4 shall terminate .. .
On September 11, 1990, Bullock’s employment was terminated. On or about March 26, 1991, Bullock received a letter from IG stating that it had elected to exercise its repurchase option and that Bullock should deliver her Stock Certificate to IG.
Several days later, Bullock did return the Stock Certificate, as directed, but did not receive any compensation from IG for an additional eleven months, when on February 5, 1992 (two years and five months after Bullock’s termination) IG sent Bullock a letter enclosing a check in the amount of $375 and stating in pertinent part: “Pursuant to the above referenced Agreement, IG Laboratories, Inc., has elected to exercise its repurchase option.”
Bullock, through counsel, refused to accept IG’s check and filed this action seeking damages for the fair market value of the shares or the return of the stock to the plaintiff.
DISCUSSION
Summaiy judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community *603 Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further], that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
The parties’ dispute in this case is basically one of contract interpretation, which is generally a question of law. Edmonds v. United States, 642 F.2d 877, 881 (1st Cir. 1981); Freelander v. G&K Realty Corp., 357 Mass. 512, 516 (1970); Daley v. J.F. White Contracting Co., 347 Mass. 285, 288, (1964). Where the wording of a contract is unambiguous, the contract must be enforced according to its terms. If the contract contains ambiguities, however, a question of fact for the jury may be presented. Gillentine v. McKeand, 426 F.2d 717, 721 (1st Cir. 1970); Trafton v. Custeau, 338 Mass. 305, 307-08 (1959). The determination of whether the terms of a contract are ambiguous is a question of law. Fashion House, Inc. v. K Mart Corp., 892 F.2d 1076, 1083 (1st Cir. 1989).
As noted above, Section 4(c) stated that upon notification, Bullock should “transfer her shares against payment by IG of the purchase price.” This she did but payment was not forthcoming for over a year after her termination. The only question is whether, on the undisputed facts, IG failed to “exercise its rights” to repurchase the stock within one year after the date of plaintiffs termination, so that its right to repurchase terminated.
The manner in which an option may be exercised is to be determined by the language of the option provision. Roberts-Neustadter Furs, Inc. v. Simon, 17 Mass.App.Ct. 262, 264 (1983), citing WUliston, Contracts §6ID (3d ed. 1957). In Roberts-Neustadter Furs, a real estate lease provided for an option to purchase land and stated: “Said option should be exercisable by notice in writing of the date in which title shall pass.” Id. at 263. The Court distinguished between options “which require purchase within a specified period of time but make no reference to notice as a means of exercising the option” and options “which expressly state that the lessee can exercise the option by giving written notice — in the former situation, it is the rule in Massachusetts that acceptance (of the option) can be only by tender of the specified price. Notice of Intention, without tender of payment does not bind the owner to convey.” Id. at 265. The court held that the option had been properly exercised by notice alone without tender of payment, because the lease provided that the “option shall be exercisable by notice in writing stating the date on which title shall pass,” and provided a five-year period within which title could pass.
Here, on the other hand, the Agreement does not provide that the option can be exercised by notice, but expressly provides that IG’s right to repurchase shall terminate unless IG exercises its right to repurchase within one year. On notice of its intent to do so, plaintiff was required “to transfer her shares against payment — of the purchase price.” Since she promptly transferred her shares, IG was thereupon immediately obligated to pay therefore in order to complete the exercise of its repurchase rights. See, Rigs v. Sokol, 318 Mass. 337, 344 (1945), where the Court, while holding that tender of payment need not be made in order to entitle a party to demand the performance of an option, went on to hold that, once demand has been made, “the obligation of the plaintiff to pay and that of the defendants to deliver the instruments called for in the contract were concurrent and mutually dependent.” As IG, after demanding and obtaining return of the certificate, failed to complete the repurchase by tendering payment for an additional eleven months and until over a year after plaintiffs termination, IG’s repurchase rights had terminated and plaintiff is entitled to the immediate return of the stock.
ORDER
For the reasons stated above, plaintiffs motion for summary judgment is ALLOWED and defendant’s cross-motion for summary judgment is DENIED. Judgment is hereby entered for the plaintiff and defendant is ordered to deliver immediately the shares in question to the plaintiff.