Fremont-Smith, J.
The plaintiff, Generali, United States Branch (“Generali”) brought this declaratory judgment action pursuant to Mass.R.Civ.P. 57 and G.L.c. 231A, seeking a judicial determination that it has neither a further duty to defend nor a duty to indemnify its insured, Northern Avenue Properties, Inc. d/b/a The Harbor Club (“Northern”). The underlying suit is a tort action brought by the defendant Anwar Saliba against Northern for injuries he allegedly suffered when he was assaulted by another patron at the Harbor Club. The underlying action is now pending in Concord District Court.
The case is now before the court on Generali’s motion for summary judgment pursuant to Mass.R.Civ.P. 56. Generali asserts that the liability insurance policy (“the Policy”) issued to Northern contains policy exclusions for the claims asserted by Saliba against Northern. For the reasons discussed below, the plaintiffs motion is allowed in part and denied in part.
BACKGROUND
The Harbor Club is a nightclub operated by Northern. At the time of the incident giving rise to the underlying action, Northern was licensed by the city of Boston to sell alcoholic beverages. In the underlying action Saliba alleges that on August 30, 1992 the defendant Christopher Merlino assaulted and battered him while they were patrons on the Harbor Club premises. In Count III of his complaint, Saliba alleges that the Harbor Club violated G.L.c. 138, §69 (The Dram Shop Act) by serving Merlino alcohol which intoxicated him thus causing him to hit Saliba. In Count IV, Saliba alleges that the Harbor Club negligently permitted Merlino to assault and batter him because it failed to take proper security precautions to protect him.
Generali issued a liability insurance policy to Northern which covered the period of September 11, 1991 through September 11, 1992. The Policy provided, in relevant part, that Generali “will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . caused by an occurrence and arising out of the ownership or use of the insured’s premises . . .” An occurrence was defined as “an accident . . . which results in bodily injury or property damage neither expected, nor intended from the standpoint of the insured.”
The Policy contained two “assault and battery” exclusions and a liquor liability exclusion:
On one page of the policy, the following appeared:
This endorsement, effective on_at 12:01 A.M. standard time, forms a part of policy [name of *66 insurance policy] issued to_by Thomas A. Kelly, authorized signature
EXCLUSION ENDORSEMENT (Multipurpose)
NOTWITHSTANDING, any provisions of this policy to which this endorsement is attached, this policy provides no coverage for either defense or indemnification, for any claim asserting a cause of action within any of the Exclusions listed below where the box to the left side of the Endorsement Title is checked off. If the box is not checked the Exclusion does not apply. (Emphasis in original.)
□ ASSAULT AND BATTERY EXCLUSION
Claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the Insured, his employees, patrons or any cause whatsoever. There is no coverage for any claim for damages arising from such an assault and/or battery. When the claim against the Insured is based on the alleged failure of any Insured to protect patrons in, upon or near the insured premises or to select, employ, supervise or control any individual at the insured premises.
The box to the left of the exclusion was not checked off. However, four pages later in the policy, the following appeared, and there was not any box to the left of the exclusion: “This endorsement effective on _at 12:01 A.M. standard time, forms a part of policy #
ASSAULT & BATTERY EXCLUSION
It is agreed and understood that this insurance does not apply to bodily injury or property damage arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.
Furthermore, there is no coverage for assault and/or battery claim against the insured if the claim is based on the alleged failure of the insured to protect individuals whether or not patrons, or involves the negligent selection, training, employment, supervision or control of any individual.-countersigned by Thomas A. Kelley, authorized representative.
Another separate page without any box, contained the following language:
This endorsement effective on_at 12:01 A.M. standard time forms a part of policy No._is-sued to:_.
LigUOR LIABILITY EXCLUSION
THIS INSURANCE DOES NOT APPLY TO BODILY INJURY OR PROPERTY DAMAGE FOR WHICH THE INSURED OR HIS INDEMNITEE MAY BE HELD LIABLE.
(A) As a person or organization engaged in manufacturing, distributing, selling or serving alcoholic beverages, or
(B) If not so engaged, as an owner or lessor or premises used for such purpose,
i) By or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift distribution or use of any alcoholic beverage, or
ii) By reason of the selling, serving or giving of any alcoholic beverage to a minor or to person under the influence of alcohol or which causes or contributes to the intoxication of any person.
Following notice of the Saliba claims, Generali, subject to a written reservation of its rights, tendered a defense to Northern.
Summary judgment shall be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The insured shoulders the burden of proving that its loss was within the description of the loss covered by the insurance policy. Markline Co., Inc. v. Travelers Ins. Co., 384 Mass. 139, 140 (1981). Northern has met its burden by demonstrating that the underlying action was an “occurrence” which caused bodily injury.
“Once basic risk coverage is established, the burden shifts to the insurer to prove the applicability of any exclusion to coverage set forth outside of the insuring clause.” Camp Dresser & McKee, Inc. v. Home Ins. Co., 30 Mass.App.Ct. 318, 321 (1991). Generali asserts that the policy unambiguously excludes coverage for liquor liability and actions arising from an assault and battery.
*67 The interpretation of an unambiguous contract is a question of law for the Court to decide. Edmonds v. United States, 642 F.2d 877, 881 (1st. Cir. 1981); Freelander v. G&K Realty Corp., 357 Mass. 512, 516 (1970); Daley v. J.F. White Contracting Co., 347 Mass. 285, 288 (1964). The determination of whether the terms of a contract are ambiguous is a question of law. Fashion House Inc. v. K Mart Corp., 892 F.2d 1076, 1083 (1st Cir. 1989). If a contract contains ambiguities, however, a question of fact for the factfinder exists. Gillentine v. McKead, 426 F.2d 717, 721 (1st Cir. 1970); Trafton v. Custeau, 338 Mass. 305, 307-08 (1959). If the terms of an insurance policy exclusion are unambiguous, they must be construed and enforced according to their ordinary and usual meaning. Barnstable County Mutual Fire Ins. Co. v. Lally, 374 Mass. 602, 605 (1978). Where the claims asserted against the insured clearly fall outside of the coverage afforded by the policy, the insurer is entitled to summary judgment. Lusalon, Inc. v. Hartford Accident and Indemnity Company, 400 Mass. 767, 773-74 (1987).
1. LIQUOR LIABILITY EXCLUSION
The liquor liability exclusion unambiguously states that the liability policy issued to Northern does not apply to a cause of action for bodily injury arising from the insured’s “selling, serving or giving of any alcoholic beverage ... to [a] person under the influence of alcohol or which causes or contributes to the intoxication of any person.” The exclusion is clear and not contradicted by other inconsistent language. It should therefore be enforced as written. Thus, as to Count III of Saliba’s complaint, Generali has no further duty to defend or indemnify Northern.
2. THE ASSAULT AND BATTERY EXCLUSION
The Policy is patently ambiguous as to whether actions arising out of an assault and battery by patrons of Northern are intended to be excluded. One section of the Policy states that, notwithstanding any attached provisions of the policy, if the box next to the Exclusion is not checked, that Exclusion “does not apply," and the box to the left of the “Assault and Battery Exclusion” is unchecked. Another endorsement four pages away from this language purports to set forth another “ASSAULT & BATTERY EXCLUSION,” with no box to the left, which uses language only slightly different from that located next to the unchecked box. This ambiguify cannot be reconciled without a trial to determine the intent of the contracting parties bearing in mind that, “where there are two rational interpretations of language in an insurance policy, the insured is entitled to the benefit of the one that is most favorable to it.” Hazen Paper Co. v. United States Fidelity Guar. Co., 407 Mass. 689, 700 (1990); Vappi & Co. v. Aetna Casualty & Surety Co., 348 Mass. 427, 431 (1965).
Because this question of intent raises a genuine issue of material fact, the Court must deny summary judgment on the issue of Generali’s duiy to further defend or indemnify Northern on Count IV of Saliba’s Complaint.
ORDER
For the foregoing reasons, the plaintiffs motion for summary judgment is ALLOWED with respect to Count III of Saliba’s Complaint. Plaintiffs motion for summary judgment is DENIED with respect to Count IV of Saliba’s complaint. A declaratory judgment is hereby entered for Generali, United States Branch, declaring that, pursuant to the contract of insurance, Generali, United States Branch owes no further duty to defend or indemnify Northern Avenue Properties d/b/a The Harbor Club for the G.L.c. 138, §69 claim (Count III) of Anwar Saliba’s complaint.